ALBERT W. WARREN vs. HANS P. HANSON.

SADIE A. CAMPBELL vs. SAME.

Middlesex.    March 6, 1935. — March 27, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Negligence,* Motor vehicle, In use of way. *Law of the Road. Evidence,* Relevancy.

At the trial of an action for injury sustained in 1930 when an automobile operated by the plaintiff overturned in his attempt to avoid a collision with a motor truck operated by the defendant, findings were warranted that the plaintiff might reasonably assume that the defendant's stopping his truck at an intersecting way upon which the plaintiff's automobile, then several hundred feet away, was approaching, was an invitation to the plaintiff to go ahead through the intersection in front of the defendant's truck; and that, the plaintiff having continued on toward the intersection upon seeing the defendant's truck come to a stop, the defendant was negligent in starting "up right across in front of" the plaintiff's automobile when it was fifteen or twenty feet from the intersection, even though the defendant had the right of way.

At the trial of an action for injury resulting from an accident in which automobiles operated by the plaintiff and by the defendant, respecttively, were involved, testimony elicited from the plaintiff on cross-examination, that he had been involved in another automobile accident three years previous to the accident in question and as to the extent of the damage caused by the previous accident to the automobile which he was driving at the time thereof, was irrelevant and its admission was error prejudicial to the plaintiff.

Two ACTIONS OF TORT. Writs dated May 9, 1930.

The actions were tried together in the Superior Court before *F. T. Hammond,* J. Material evidence is stated in the opinion. The judge instructed the jury, in part, as follows: "If you should find, for example, as I think the plaintiff Warren himself testified, that there was no question but what Mr. Hanson was going through the intersection when he, Warren, was three car lengths away, if that is the

fact, then the plaintiff Warren is bound in his own case by that statement and under the right of way statute Warren was required to grant the right of way to the Hanson car which had already, under that supposition, entered the intersection, and Hanson would have the right of way under those circumstances. That is, it would be the duty of Warren to grant it to him." The plaintiffs excepted to such instructions and requested the judge to instruct the jury further "that the stopping of the Hanson car would leave Warren or a reasonable man to assume that he waived the right of way in favor of Warren; that by stopping he invited him to come forward." The judge refused to give such further instructions, to which the plaintiffs excepted.

There was a verdict for the defendant in each action. The plaintiffs alleged exceptions.

The case was submitted on briefs.

*H. W. Packer*, for the plaintiffs.

*E. Martin*, for the defendant.

PIERCE, J. These are two actions of tort, each writ being dated May 9, 1930. They were tried together in the Superior Court to a jury, which found for the defendant in each case.

Shortly stated, the evidence warranted a finding of the following facts: The plaintiff Warren operated an automobile in which the plaintiff Campbell was a passenger on March 26, 1930. At about 2:30 P.M. he was driving on the State road in Billerica, travelling in the direction of Bedford, Massachusetts, and approaching the intersection of Chestnut Road and said State road. Chestnut Road crosses the State road, and is a country dirt road fifteen to twenty feet wide. The State road has a hard asphalt surface, is about twenty-five or thirty feet wide, and approaches Chestnut Road at a gradual decline for about three hundred feet. There was nothing to shut off the view of Chestnut Road as the plaintiffs approached it. The plaintiff Warren was duly licensed to operate the automobile and it was duly registered. He was driving on the right side of the road and when about five or six hundred feet from Chestnut Road he saw a truck approaching the State road, coming down Chest-

nut Road on the left side of the State road. Warren's automobile was travelling at the rate of about thirty miles an hour. When he first saw the truck it was probably three hundred feet from the State road. When Warren was about three hundred feet from the Chestnut Road intersection he slowed down and the driver of the truck, the defendant, also slowed down. When the defendant reached the State road he stopped; Warren was then three hundred feet from the intersection of the roads. When Warren saw the defendant come to a stop at the State road he started up again. When he was within fifteen or twenty feet of Chestnut Road the defendant "started up right across in front of him." Warren was then driving at the rate of about twenty-five miles an hour. He put on his brakes and pulled sharply to his right. When the automobile struck the dirt of Chestnut Road it tipped over, rolled into the gutter, turned on top and then turned back on the side. There was evidence of substantial injuries suffered by both plaintiffs. There is no evidence in the record of damage to the automobile except as may be inferred. The defendant's truck pulled out in front of the automobile and swung around to the left. The automobile was a heavy brougham weighing something like forty-five hundred pounds, and when the defendant pulled out in front of Warren it could have been found that Warren had either to run into the defendant or to pull around as he attempted to do. Without further detailed statement of fact it is sufficient to say that the evidence warranted a finding that the defendant had the right of way at the intersection; that when he stopped it was not unreasonable for Warren to assume that the stop was a suggestion that he should go ahead, increase his speed, if he so desired, and pass in front of the truck; and that after stopping it was negligence for the defendant to go ahead.

There was evidence to warrant a finding that Warren could have stopped the automobile in season to have avoided a collision with the defendant, if the facts as to his rate of speed and his distance from the intersection when the defendant entered it were believed. In this state of the evidence Warren was asked on cross-examination, "You were in-

volved in an accident before this accident too, weren't you, some time in 1927?" Subject to the plaintiffs' exception he answered, "Yes." Referring to the automobile that Warren was driving at the time of the accident in 1927, he was asked, "Will you describe how badly the car was smashed up?" Subject to the plaintiffs' exception, Warren answered, "Just bent the bumper." The above quotation is a full *verbatim* statement of the questions to Warren and of his answers thereto. It is plain the accident in 1927 had no possible causal relation to the cases in hearing or to the damage alleged to have been sustained by the plaintiffs or to their property. The evidence. was inadmissible to prove that the plaintiff Warren was negligent in 1927, or much less to prove that he was guilty of contributory negligence to any degree in the accident of March 26, 1930. *Maguire* v. *Middlesex Railroad*, 115 Mass. 239. *Hatt* v. *Nay*, 144 Mass. 186. It is to be noted that there is no contention nor any evidence to support a claim that the injuries attributed by the plaintiffs to the act of the defendant in driving into the intersection after stopping were in fact caused in whole or in part by the previous collision in 1927. See *Morrissey* v. *Connecticut Valley Street Railway*, 233 Mass. 554. In each action the entry must be

*Exceptions sustained.*