BERTHA MENDLER *vs.* TOWN TAXI, INC.

MILTON MENDLER *vs.* SAME.

Suffolk.    May 15, 1936. — July 1, 1936.

Present: CROSBY, PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence*, Taxicab, Violation of statute, Contributory.    *Evidence*, Relevancy.

At the trial of an action for injury to a passenger in a taxicab caused by its sudden stopping to avoid a collision, evidence was admissible to show that, against the repeated remonstrance of the plaintiff, the operator had continued to drive at an excessive speed in a snow storm.
A passenger in a taxicab, having warned the driver that he was going too fast, was not as a matter of law negligent in not requesting the driver to stop and allow him to leave the taxicab.

Evidence that the operator of a taxicab drove it in a snow storm at an excessive speed in violation of G. L. (Ter. Ed.) c. 90, § 17, disregarding repeated remonstrances of a passenger and that the passenger was injured when the taxicab was stopped suddenly to avoid a collision, warranted a finding that the operator was negligent.

TWO ACTIONS OF TORT. Writs in the Superior Court dated May 12, 1931.

The actions were tried together before *O'Connell,* J. There were verdicts for the plaintiffs, respectively, in the sums of $3,500 and $500. The defendant alleged exceptions.

*F. R. Murphy,* for the defendant.

*R. E. Casey,* for the plaintiffs.

CROSBY, J. These are actions of tort to recover compensation for personal injuries alleged to have been sustained by the plaintiffs, who are husband and wife, while they were passengers in a taxicab owned by the defendant. The cases were tried in the Superior Court before a jury, and resulted in verdicts for the plaintiffs. It was agreed by the parties that a single bill of exceptions might be filed covering both cases.

The following recitals are contained in the defendant's substitute bill of exceptions: It was admitted by the defendant that at the time of the accident it was a carrier of passengers for hire. The plaintiff Milton Mendler testified on his direct examination that he and his wife engaged a taxicab of the defendant on Tremont Street, in Boston; that he instructed the driver to take him to his home at 1330 Commonwealth Avenue, Allston; that the taxicab turned up Stuart Street and went up to Berkeley Street or Clarendon Street, and then turned on to the outbound side of Commonwealth Avenue; that it was snowing at the time he engaged the taxicab, the streets were quite slippery, and it was beginning to get dark; that after they reached a point beyond Kenmore Square there was snow on the ground, and it was then snowing quite hard; that before reaching the Massachusetts State Armory he had twice noticed the speed of the taxicab; that he first noticed it after leaving Kenmore Station, and it was then travelling

about forty to forty-five miles an hour; that after leaving Kenmore Station he directed the operator's attention to the speed at which the taxicab was going, and tapped on the window; that the operator opened the window and the witness told him to cut down the speed; and that the operator closed the window and went on. This plaintiff further testified that he did not notice any change in the speed; that as the taxicab went along Commonwealth Avenue he again spoke to the operator and told him he "had better" cut down the speed; that he again tapped on the window, three or four times, the window being closed; that there was no time between the taps; that the operator opened the window on the third tap and stopped short; and that he then told the operator he was going much too fast and the operator made no reply. This testimony was admitted subject to the defendant's exception. He further testified — subject to the defendant's exception — that his wife told the operator, when the window was open, to cut down the speed, and that he "told the operator to please stop going so fast." This plaintiff testified that he saw an automobile on a side street to his right, about one hundred or one hundred and fifty feet away; that it came out suddenly from an angle; that other automobiles were proceeding outbound at the time; that when the automobile came out of the side street at a fast speed the driver of the taxicab suddenly applied his brakes and brought it to a stop; that when the brakes were applied the plaintiff was thrown to the floor; and that at this time the speed of the taxicab was the same.

The foregoing testimony was admissible upon the question of the alleged negligence of the operator of the taxicab.

The plaintiff Bertha Mendler testified in direct examination that after the taxicab left Kenmore Station it was proceeding at a rate of about forty to forty-five miles an hour; that she had passed Massachusetts Avenue and Kenmore Station and was on the right hand side of Commonwealth Avenue before she spoke to the driver of the taxicab; and that she told the driver "not to go quite so fast; that she said 'please don't go so fast.'" She further testified that

"When the taxicab got near the armory she saw a car on a side street . . . going very fast . . . It was coming out . . . fast; it was ahead of the taxi about one hundred feet, and the taxicab had not changed its speed at the time she observed the other car." She further testified that "the other car was one hundred feet or so ahead of her on her right coming into Commonwealth Avenue from the side street; that the taxicab driver applied his brake, and all of a sudden he just stopped, and that the other car was very close to the taxicab when it stopped."

At the close of the evidence the defendant filed in each case a motion for a directed verdict on the ground that "There is no evidence of negligence on the part of the defendant, its agents or servants." The trial judge refused to grant the motions and the defendant excepted.

It is the contention of the defendant that the plaintiffs were precluded from recovery on the ground that they were negligent in not requesting the driver to stop and allow them to leave the taxicab. We are of opinion that there is no merit in this contention. The plaintiffs, as passengers in the taxicab, might reasonably assume that the driver would heed their warnings and reduce his speed, especially in view of the fact that it was snowing and the roadway was slippery. The testimony of the plaintiffs that the driver of the taxicab was operating it at a speed of from forty to forty-five miles an hour during a snow storm, and when the pavements were wet and slippery, warranted a finding that, if the warnings of the plaintiffs had been heeded, it would not have been necessary, in order to avoid a collision with the automobile which came out of the side street, to stop the taxicab so suddenly as to throw the plaintiffs upon the floor, thereby causing them to be injured. It could have been found that the speed of the taxicab and the failure to heed the warnings of the plaintiffs constituted negligence on the part of the defendant.

The rate of speed of the taxicab immediately before it was suddenly stopped and the plaintiffs were thrown to the floor might be found to be in violation of G. L. (Ter. Ed.)

c. 90, § 17. It could not properly have been ruled in these cases that there was no evidence of negligence on the part of the defendant or its servants or agents. *Lambert* v. *Eastern Massachusetts Street Railway*, 240 Mass. 495. *Harter* v. *Boston Elevated Railway*, 259 Mass. 433. *Austin* v. *Eastern Massachusetts Street Railway*, 269 Mass. 420. *Hiller* v. *Desautels*, 269 Mass. 437. *Turner* v. *Berkshire Street Railway*, 292 Mass. 313.

As no error appears in the conduct of the trial the entries must be

*Exceptions overruled.*