HENRY LUFF *vs.* HYMAN MAHLOWITZ.

Middlesex.    October 6, 1936. — December 8, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Negligence,* Motor vehicle, In use of way, Contributory. *Proximate Cause.*

On evidence of the circumstances in which a motor truck of the defendant, passing a motor truck of the plaintiff on the left as they together were entering the intersection of two streets, was struck by an automobile which from the left entered the intersection from the cross street, thus causing the two trucks to collide, a finding was warranted that, even though the operator of the defendant's truck had the right of way in the intersection, there was negligence on his part which was a proximate cause of damage to the plaintiff's truck; and a finding was not required that negligence of the operator of the plaintiff's truck contributed to cause the collision.

TORT. Writ in the Superior Court dated December 10, 1931.

After the recording with leave reserved of a verdict for the plaintiff in the sum of $400, *Walsh,* J., ordered entered a verdict for the defendant. The plaintiff alleged exceptions.

*B. H. Stoodley,* for the plaintiff.

*A. C. Kellogg,* for the defendant.

LUMMUS, J. The plaintiff, having obtained a verdict in his favor for injury to his truck sustained in a collision with a truck operated by the defendant's servant, excepted to the entry of a verdict for the defendant upon leave reserved under G. L. (Ter. Ed.) c. 231, § 120. The only question is whether the evidence warranted the verdict returned by the jury.

The plaintiff's truck was proceeding easterly on Portland Street in Cambridge at about fifteen miles an hour, and was approaching Harvard Street, which crosses Portland Street at right angles. When the plaintiff's truck was about fifteen feet from Harvard Street, the defendant's truck, travelling in the same direction at somewhat greater speed, overtook the plaintiff's truck and went into the "intersection" (G. L. [Ter. Ed.] c. 89, § 8; *Fournier* v. *Zinn,* 257 Mass. 575) a little ahead of it. At the same time an automobile bearing New York registration plates was travelling southerly on Harvard Street. That automobile collided with the defendant's truck in the middle of the intersection, and then the right side of the defendant's truck collided with the left front of the plaintiff's truck.

The defendant's servant who operated the defendant's truck testified that he had entered the intersection before he saw the New York automobile which was in the middle of Harvard Street, twenty or twenty-five feet from the intersection, travelling at twenty to twenty-five miles an hour.

To say nothing about speed (G. L. [Ter. Ed.] c. 90, § 17), a majority of the court are of opinion that the jury could find the defendant's servant negligent in not seeing the New York automobile sooner than he did, even though he had the right of way under G. L. (Ter. Ed.) c. 89, § 8. His situation was not so nearly identical with that of the operator of the plaintiff's truck that it can be ruled that both were negligent if one was. The jury could find negligence of the defendant's servant a proximate cause of the injury to the plaintiff's truck, even though negligence of the operator of the New York automobile contributed to the injury. *Feneff* v. *Boston & Maine Railroad,* 196 Mass. 575, 581. *Brown* v. *Thayer,* 212 Mass. 392, 397. *Meech* v. *Sewall,* 232 Mass. 460. *Turner* v. *Berkshire Street Railway,* 292 Mass. 313, 315. See also *Morrison* v. *Medaglia,* 287 Mass. 46; *Wallace* v. *Ludwig,* 292 Mass. 251; *Robinson* v. *Weber Duck Inn Co.* 294 Mass. 75.

> *Exceptions sustained.*
> *Judgment for the plaintiff on the verdict*
> *returned by the jury.*