JOHN AVERY *vs.* R. E. GUERIN TRUCKING CO., INC.
(and fifteen companion cases*).

Worcester.   September 26, 1939. — December 15, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, DOLAN, COX, & RONAN, JJ.

*Negligence*, Motor vehicle, In use of way.   *Law of the Road.*

A conclusion of negligence of the operator of an automobile was warranted by findings that at night he drove at a high rate of speed on the left-hand side of a three lane road used only for traffic in the direction he was travelling as he approached a street intersecting from his right from which a long motor truck, visible to him and having the right of way, was being driven to cross his path, and that the automobile thereupon ran into the side of the truck.

Findings that the operator of a long, heavy motor truck carrying a tank of gasoline on its side proceeded from an intersecting street into and partly across a wide thoroughfare at night without observing an automobile approaching thereon in plain sight at high speed until it was

---

* The companion cases were: Kathryn Hayes *vs.* R. E. Guerin Trucking Co., Inc.; Elvera Cassanelli *vs.* John M. Avery; Same *vs.* R. E. Guerin Trucking Co., Inc.; Salvatore Iannotti *vs.* Same; Rosa Cassanelli *vs.* Same; Giuseppina Cimato *vs.* Same; Anna M. Collella *vs.* Same; John Flaminio & another *vs.* Same; Louis Latorre, administrator, *vs.* Same; Felicia Buduo *vs.* Same; Carmella Ferraro *vs.* Same; John Ferraro *vs.* Same; Brown Bros., Inc. *vs.* Same; Angelina Armenti *vs.* Howard C. Bishop; Stephen Giorgio *vs.* Same.

too late to avert the collision and explosion of gasoline which followed, warranted a conclusion that he was negligent although he had the right of way at the intersection and at the time of impact there was ample space for the automobile to pass behind the truck.

SIXTEEN ACTIONS OF TORT. Writs in the Central District Court of Worcester.

Upon removal to the Superior Court, the actions were heard by an auditor, whose findings were to be final. Among findings by the auditor were the following: "As Bishop was about to enter Shrewsbury Street I find that he slowed down, but did not stop, to permit two cars traveling east to pass. I find that he then looked westerly on the southerly way of Shrewsbury Street but did not observe any motor vehicle on said way east of the intersection of Cross Street one half mile away. I find that when he looked there were actually two motor vehicles within three or four hundred feet from Winona Street coming east in the southerly way at a high rate of speed. He proceeded to cross the southerly way of Shrewsbury Street to enter the crossover for the purpose of turning west on the north way of Shrewsbury Street to reach his garage. I find that as Bishop was crossing the southerly way and about to enter the cross-over he again looked west and saw the Avery car approaching within a distance of about one hundred twenty-five feet at a rate of speed of fifty or sixty miles an hour. Bishop instantly stepped on the accelerator and the truck increased speed. The truck was struck by the front of Avery's car at the gasoline tank on left side of truck. The front part of the truck was in the cross-over about eight feet at the moment of impact, and Avery's car was in the left-hand lane of traffic in the southerly way. . . . On all of the evidence, I find that had Bishop looked carefully to the left before entering the intersection, he could have seen the approaching Avery car without difficulty, since his view was unobstructed. If he had observed the Avery car, reasonable care would have required him to stop before entering the intersection because of the size of the truck and its inability to accelerate quickly. When he did observe the Avery car, Bishop could do nothing to

avoid a collision.  I therefore find Bishop negligent in the operation of his truck because of his failure to observe when he looked west on the southerly way of Shrewsbury Street the Avery car which was then in full view about three hundred to four hundred feet away."

By orders of *Donnelly*, J., judgment was entered for the plaintiff in the action against Avery, and judgments were entered for the defendants in the other actions.  Avery and all the plaintiffs, except the plaintiff in the action against Avery, appealed.

The cases were argued at the bar in September, 1939, before *Field*, C.J., *Donahue*, *Qua*, *Cox*, & *Ronan*, JJ., and afterwards were submitted on briefs to all the Justices.

*H. H. Hartwell*, (*J. F. Driscoll* with him,) & *J. Y. Young*, (*Nunziato Fusaro* with him,) for the plaintiffs.

*M. Ruben*, (*J. H. Droney* & *J. C. McDonald* with him,) for the defendants R. E. Guerin Trucking Co., Inc., and another.

*W. W. Jump*, for the defendant Avery, submitted a brief.

RONAN, J.  These are sixteen actions of tort which, with other cases, were heard together before an auditor whose findings of fact were to be final.  The auditor filed a single report.

These cases arise out of a collision between an automobile driven by Avery and a large oil tank truck driven by one Bishop, as servant of the defendant R. E. Guerin Trucking Co., Inc., at the intersection of Shrewsbury Street and Winona Street in Worcester at one o'clock in the morning of December 12, 1937.  Shrewsbury Street is one hundred feet wide and runs substantially east and west.  It is seventy-eight feet wide from curb to curb.  There is a curbed grass reservation eight feet wide in the center of the street which divides the highway for eastbound and westbound traffic, there being three lanes for traffic on each side of this reservation.  The street is of concrete construction with a smooth but good gripping surface.  Winona Street is about thirty-three feet wide as it enters the southerly side of Shrewsbury Street, and there is a break in the grass reservation opposite Winona Street, thirty-five feet distant,

which is used as a crossover to reach the westbound traffic lanes on the northerly half of Shrewsbury Street. There is a clear view for one half mile west along the southerly or eastbound traffic lanes from the intersection of Winona Street. Avery, accompanied by a woman, was travelling eastward along the left-hand traffic lane on the southerly side of Shrewsbury Street at a speed of fifty to sixty miles an hour when the front of his automobile came in contact with the oil truck. The truck was driven northward on Winona Street at a reasonable rate of speed and slowed down as it was about to enter Shrewsbury Street from Winona Street in order to enable two automobiles travelling east on Shrewsbury Street to pass in front of it. The headlights of the truck were lighted. Bishop, the driver of the truck, did not see the Avery automobile as it approached from the west until it was about one hundred twenty-five feet away from the truck, which was then crossing the southerly half of Shrewsbury Street and was about to enter the crossover. The front part of the truck had gone eight feet into the crossover when the impact occurred. The truck was twenty-eight feet long and carried an elliptically shaped tank which held thirty-five hundred fifty gallons of oil. This tank was empty at the time of the accident, but a gasoline tank located upon the left side of the body of the truck contained forty-five gallons of gasoline. Immediately after the impact the automobile and the truck caught fire. A loud explosion of the tank occurred, blowing out the entire rear end of the truck, hurling portions of the tank one hundred fifty feet away, damaging property in the vicinity and injuring the occupants.

Avery and his companion sued the trucking company. There is an action for the death of a woman who resided in the neighborhood. The other actions are for personal injuries sustained by occupants of dwellings in the vicinity and for damage to their buildings.

The auditor found that Avery was driving at a speed greater than was proper; that if he had been proceeding at a reasonable speed as he approached the intersection and had exercised reasonable caution, he could have seen the

truck and avoided the accident. He found that Avery was negligently operating his automobile and that his negligence was a contributing cause of the accident. As Bishop was about to enter Shrewsbury Street he looked to the west for half a mile but did not see any vehicles approaching, although at that time there were two automobiles travelling toward him at a high rate of speed and less than three or four hundred feet away. Bishop proceeded to cross the southerly half of Shrewsbury Street and was about to enter the crossover when he again looked to the west and saw the Avery automobile, which was then about one hundred twenty-five feet away. Bishop then increased the speed of the truck and the collision occurred. The auditor, upon all the evidence, found that if Bishop had carefully looked to the west, in which direction he had an unobstructed view, before entering the intersection, he could have seen the approaching Avery automobile, and that, if he had seen this automobile, reasonable care would have required him to stop before entering the intersection, on account of the size of the truck and his inability quickly to accelerate its speed; that Bishop could do nothing to avoid the collision when he first saw the Avery automobile; and that Bishop was negligent by reason of his failure when he looked to the west to observe the Avery automobile, which was then in full view about three to four hundred feet away. He further found that the injuries and property damage of various plaintiffs were caused by the combined negligence of Avery and Bishop; that the trucking company was responsible for Bishop's conduct; and that all the plaintiffs, except Avery, were free from contributory negligence.

The cases were submitted to the Superior Court upon the report of the auditor. The report of the auditor whose findings of fact are final is in effect a case stated. *Zarthar v. Saliba,* 282 Mass. 558. *Raymond v. Davies,* 293 Mass. 117. The questions to be decided are whether the findings of the judge, made in each of these cases upon motions for judgment, were correct. These findings are in substance orders for judgments and are to be considered as such. *Pesce v. Brecher,* 302 Mass. 211. *Lawrence v. Old Silver*

*Beach, Inc.* 303 Mass. 377.  Treating them in that manner, a motion for judgment upon the report in favor of the plaintiff in the action against Avery was allowed, and the defendants' motions for judgments in the actions against the trucking company and Bishop were also allowed. Avery and the plaintiffs in the cases against the company and against Bishop appealed.

Avery was operating an automobile along a public way and approaching an intersection of another way at a speed of fifty to sixty miles an hour.  His automobile crashed head on into the side of a truck which must have been visible to him for an appreciable period before the collision.  He continued along his left-hand traffic lane when by driving along his right-hand or southerly lane he might have averted the accident by passing the rear of the truck.  The conclusion of the auditor was right that Avery was negligently operating the automobile and that his negligence helped to cause the collision.  The judge also was right in ordering judgment in the amount found by the auditor in the case in which Avery was a defendant, and in ordering judgment for the trucking company in the action of Avery against it. *Bogert* v. *Corcoran,* 260 Mass. 206.  *Regan* v. *Rosenmark,* 272 Mass. 256.  *Ferreira* v. *Zaccolanti,* 281 Mass. 91.  *Mendler* v. *Town Taxi, Inc.* 295 Mass. 90.  *Colby* v. *Clough,* 301 Mass. 52.

Bishop, having reached the intersection before Avery, had the right of way under G. L. (Ter. Ed.) c. 89, § 8, but that did not exempt him from exercising reasonable care to avoid injury to other travellers upon the way.  He was operating a long vehicle whose length was sufficient as it reached certain positions in its journey across the street to block temporarily all eastbound traffic on this main artery of travel.  He was driving a ten-wheel truck whose speed could not be quickly increased, and this factor, together with its size and weight, would render the vehicle incapable of rapidly changing its position if confronted with an emergency.  Moreover, this truck was conveying forty-five gallons of an inflammable fluid in a receptacle located upon the left side of the vehicle.  The degree of care that he was bound to exercise

was commensurate with the probable harmful consequence that might reasonably be expected to result from the lack of such care. It was a question of fact whether Bishop was acting carefully in commencing his journey across the way in front of the two rapidly approaching automobiles or in failing to observe either of these vehicles, which were in plain sight, before he attempted to cross, or in failing to see the Avery automobile before it was too late to avert the collision. He could to a certain extent expect that other travellers upon the way would exercise due care, but he could not rely exclusively on that assumption and proceed across the way unmindful of attending circumstances, which might imperil not only his own safety but that of others as well. The findings of the auditor support his conclusion that Bishop, while acting as the employee of the corporate defendant, was negligent and that his negligence contributed to the collision. *Fournier* v. *Zinn,* 257 Mass. 575. *Bresnick* v. *Heath,* 292 Mass. 293. *Luff* v. *Mahlowitz,* 296 Mass. 206. *Gibbons* v. *Denoncourt,* 297 Mass. 448. *Cohen* v. *Martin,* 298 Mass. 425.

The order for judgment for the plaintiff in the case against Avery is affirmed; the order for judgment for the defendant in the case of Avery against the trucking company is affirmed; but in the opinion of a majority of the court the orders for judgment for the defendants in the twelve remaining cases against the trucking company and in the two cases against Bishop must be reversed, and in these fourteen cases judgments entered for the respective plaintiffs in the amounts found by the auditor.

*So ordered.*