*First District Court of Bristol*

No. 367 of 1955

*Southern District*

**JOHN M. DeAGUIAR**

**v.**

**ANTHONY S. THOMAS**

*Nash, J.* Tort in which plaintiff seeks recovery for alleged damage to his automobile because of the careless, negligent and unskillful operation of the defendant's motor vehicle. The answer is a general denial and that the damage was caused by the plaintiff's own negligence.

Upon conflicting testimony there is evidence that the plaintiff was driving easterly on Briggs Street and had stopped at its intersection with Somerset Avenue. Both streets are public ways. The plaintiff while stopped let two cars go by and then looking and seeing no car coming he entered the intersection and started making a left turn. When he was in the middle of the road the plaintiff saw the defendant's truck ten feet away coming toward him from his left and that the front of his automobile came in contact with the right side of the defendant's truck and that the latters truck stopped ten feet away

from the place of contact. There was evidence also that the defendant truck approached the intersection at about 15 to 20 miles an hour and drove to the left of the center of Somerset Avenue immediately before the contact with plaintiff's car. The plaintiff testified that there were skid marks made by the defendant's truck for a distance of twenty-five — thirty feet long.

There was contradictory evidence offered. The defendant seasonably filed the following requests for rulings:

1. The evidence warrants a finding that the defendant was not negligent.

2. The evidence requires a finding that the plaintiff was negligent.

3. The evidence is insufficient to support a finding for the plaintiff.

The Court allowed the first request, but stated "I find as a fact that the defendant was negligent". The second and third requests were denied. The report recites that it contains all the evidence material to the question reported.

Because the defendant claims to be aggrieved by the denial of his requests for rulings numbered 2 and 3, the court reports the case to the Appellate Division for determination.

Whether the defendant was negligent is a question of fact to be determined by the trial court and his findings must be sustained if the evidence taken in its most favorable aspect for the plaintiff supports him. *Sutherland v. McGee,* 329 Mass. 530, 531.

Upon the evidence the court could have found that these two cars entered the intersection of Briggs Street and Somerset Avenue at approximately the same time or that the plaintiff entered first and in either case the plaintiff proceeding into the intersection on the defendant's right would have the right of way. G. L. (Ter. Ed.) c. 89, §8 as amended. *Fournier v. Zinn,* 257 Mass. 575, 578, 579.

If the trial court took this view of the evidence it was warranted in finding that the defendant, by failing to grant the right of way to the plaintiff, violated the statute which required him to do so. This would have been sufficient ground to have found the defendant negligent and the plaintiff in the exercise of due care.

In accordance with G. L. c. 231, §85 the plaintiff is presumed to have been in the exercise of due care and on the evidence the court was warranted in finding that the presumption in his favor had not been overcome.

The evidence is such that the trial court was not required as a matter of law to find for the defendant.

We find no error in denying the defendant's second and third requests.

The report is dismissed. *So ordered.*

Bramley & Gillis, for the defendant.