WANDA W. JORDAN *vs.* ROBERT A. MACMELVILLE.

Essex.   March 9, 1961. — April 28, 1961.

Present: WILKINS, C.J., WILLIAMS, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Evidence,* Admissions and confessions, Evidence binding a party.  *Negligence,* Motor vehicle, Contributory.

In an action for injuries sustained in a collision of motor vehicles, evidence of statements made by the plaintiff as to circumstances of the accident, which were contradicted by her testimony at the trial, and of a statement by her that the accident was her fault warranted a finding of contributory negligence on her part but did not require such a finding nor bar recovery as a matter of law.

TORT. Writ in the District Court of Lawrence dated April 7, 1958.

Upon removal to the Superior Court the action was referred to an auditor and later tried before *Macaulay,* J.

*Gerald M. Lewis,* for the plaintiff.

*Robert L. Athas,* for the defendant.

WILLIAMS, J.  This action of tort for personal injury and property damage resulting from an automobile collision was heard by an auditor whose findings of fact were not to be final.  He found for the plaintiff.  Later tried to a jury on reservation by the defendant of the right to introduce further evidence (Rule 88 of the Superior Court

[1954]) there were verdicts for the plaintiff. The judge then, on motion, entered verdicts for the defendant under leave reserved subject to the plaintiff's exception.

The collision in question occurred on the morning of September 10, 1957, at the intersection of Main and Morton streets in Andover. The plaintiff was driving her car westerly on Morton Street which was twenty-four feet wide. The defendant was driving a truck southerly on Main Street, a forty foot street. The vehicles collided approximately in the center of the intersection. The report of the auditor was in evidence. He found that the plaintiff entered the intersection first and that at the moment of contact her car was at a complete stop. The defendant was operating his truck at a speed greater than the established speed limit, and made no attempt to reduce its speed until it had entered the intersection. He could have seen the plaintiff before entering the intersection and "should by the exercise of reasonable care have prevented the collision." "[T]he defendant was negligent and . . . his negligence was a direct and proximate cause of the accident. . . . [The plaintiff's] failure to see the defendant's truck until after her car had entered the intersection was not due to any negligence on her part. . . . [A]t the time of the accident there was nothing on the windshield which would have interfered with her view of approaching traffic."

The plaintiff testified that she stopped at a stop sign on Morton Street about two car lengths back from Main Street. She stopped again at the curb of Main Street. She was "taking it very slow" because her vision was obscured somewhat by cars parked to her right on Main Street at the northeasterly curb about a car length from Morton Street. After stopping the second time she "pulled out slowly" and observed the defendant's truck about half a block away. She "observed traffic to her left and was slowly inching out when she saw the truck was almost upon her and applied the brakes." The point of contact was just over the middle line of Main Street. After the collision, skid marks on the road were observed thirty feet in

length behind the truck and five feet in length behind the plaintiff's car.

On cross-examination the plaintiff admitted that at the scene of the accident she said to both the defendant and a police officer that her windshield was covered with fog; that she did not see the defendant before the collision; and that the accident was her fault. She explained that she made the statements as "nervous chatter" which she said was a "continuous thing" from the time of the accident. On redirect examination she testified there was no fog on the windshield at the time the two vehicles came together and that she saw the defendant's vehicle prior to the impact.

The defendant contends that the statements to him and the police officer "conclusively bar . . . [the plaintiff] from recovery as a matter of law, inasmuch as they constitute admissions of sole culpability on her part and, at the very least, contributory negligence in the operation of her motor vehicle." This contention cannot be sustained. The statements were evidence of the plaintiff's contributory negligence to be considered by the jury, but did not require a ruling that the collision was attributable to her fault. *Tully* v. *Mandell,* 269 Mass. 307, 309. *Hartson* v. *Winship,* 326 Mass. 380, 383. They were extrajudicial admissions, the probative value of which was to be weighed in the light of the circumstances in which they were made, and the subsequent testimony given by the plaintiff at the trial.

There was evidence for the jury of the plaintiff's due care and the defendant's negligence. It was error to enter verdicts for the defendant.

*Exceptions sustained.*
*Judgments for the plaintiff on the*
*verdicts of the jury.*