RUSSELL H. LENLING, JR. *vs.* THOMAS DELANO. May 28, 1964. Exceptions overruled. In this action for personal injuries sustained by the plaintiff in an intersection collision of two automobiles in New Bedford, there was no error in denying the defendant's motions for a directed verdict and a new trial. That the plaintiff stopped his car for only two or three seconds at a stop sign plainly did not require a ruling that an ordinance requiring a "complete stop" had been violated. The testimony as to what the plaintiff and the defendant saw and did and the way the two automobiles operated by them came into the intersection and collided made the issues of negligence and contributory negligence questions for the jury. There was evidence for the jury on the issue of damages and the judge did not abuse his discretion in refusing to grant a new trial.

*Edward J. Harrington, Jr.,* for the defendant.

*Louis A. Perras, Jr.* (*Albert Poczatek, Jr.,* with him) for the plaintiff.

JOSEPH A. CABRAL, JR., *vs.* HERBERT C. HELLER. May 28, 1964. Exceptions overruled. The defendant's exceptions are to the denial of his motion for a directed verdict and to the refusal of the judge to give five of at least twenty-nine requested instructions in an action which resulted in a verdict for the plaintiff on a count for assault and on a count for false imprisonment. There was no error. The plaintiff admittedly was hunting game with a shotgun and had entered the defendant's property. The defendant, armed with a service pistol, saw the plaintiff, pursued him, fired at least two and at most five shots, apprehended him on adjoining property, and took him to the defendant's house where he was later interrogated by police. The conflicting evidence, which need not be recounted, as to the reasonableness of the conduct of the defendant, both as to the kind and degree of the force used against the plaintiff and as to the duration and method of detention, raised questions of fact for the jury who were given adequate instructions on the issues of liability and damages.

The case was submitted on briefs.

*Philip M. Cronin* for the defendant.

*George M. Poland* for the plaintiff.

AGOSTINHO DUARTE *vs.* MARY D. DUARTE. June 1, 1964. Decree affirmed. The only question presented by the libellee's appeal is whether on the reported evidence the judge was plainly wrong in entering a decree granting a divorce to the libellant on the ground of cruel and abusive treatment. The evidence was mainly oral and was conflicting. It is sufficient to say that the issue was one to be resolved by the judge who on this record cannot be said to be plainly wrong. *Hamilton* v. *Hamilton,* 325 Mass. 278, 279, and cases cited.

The case was submitted on briefs.

*Philip J. Assiran & Roy F. Teixeira* for the libellee.

*James S. Seligman* for the libellant.