*Southern District*

## MANUEL S. NETTO

### v.

## RICHARD BROWN

Argued. Sept. 18, 1968   Decided: Nov. 29, 1968

*Present:*   Nash, Cox, Lee, JJ.

Case tried to *Horrocks, J.* in the Third District Court of Bristol   No. 8301-1967

*Cox, J.*   In this action, which arose out of a collision of automobiles at the intersection of Bolton Street and Rockdale Avenue in the City of New Bedford on February 7, 1967, there was a finding for the defendant. Thereafter, the plaintiff, Netto, filed a motion for a new trial on the familiar grounds that the finding for the defendant is against the evidence, the weight of the evidence and the law. No request for rulings was submitted. After a hearing the justice denied the plaintiff's motion for a new trial. The plaintiff claiming to be aggrieved thereby the justice reported the case for our determination.

There was no error. No request for rulings were submitted by the plaintiff and no express ruling was made by the justice. There

was merely a denial of the motion and a request for a report. The motion was addressed to the discretion of the justice and a question of discretion is not subject to review, certainly unless abuse of discretion is shown. This report presents no question of law. Our jurisdiction extends only to a review of a ruling made on a matter of law. G.L. c. 231, § 108. *Bartley* v. *Phillips,* 317 Mass. 35, 42-43. *Kinnear* v. *General Mills, Inc.* 308 Mass. 344, 348-349. *Davis* v. *Boston Elevated Railway Co.,* 235 Mass. 482, 496-497.

The report discloses no abuse of judicial discretion.

■ "When a collision occurs between automobiles at an intersection of ways the question whether there has been negligence on the part of either or both of the operators is generally one of fact." *Bresnick* v. *Heath,* 292 Mass. 293, 297 and cases cited. See also *Lenling* v. *Delano,* 347 Mass. 778. *Fallovallita* v. *Johnsyn,* 317 Mass. 153, 155. *Gaines* v. *Ratnowsky,* 311 Mass. 254, 258. *Shockett* v. *Akeson,* 310 Mass. 289, 291. *DeAguiar* v. *Thomas,* 12 Mass. App. Dec. 54.

This case is no exception.

■ Without discussing in detail the evidence given at the trial it is enough to say that questions of fact were presented for the justice's determination. A finding was not required that the plaintiff had the right of way, as he contends he did, or that he was free of negligence.

It could have been found that both operators were entering the intersection "at approximately the same instant" and that because the defendant was entering the intersection from the plaintiff's right, the defendant and not the plaintiff had the right of way under G.L. c. 89, § 8. [*Fournier* v. *Zinn*, 257 Mass. 575 — Lumus, J.]

It could also have been found, not only that the defendant was in the exercise of due care, but also that the plaintiff was negligent in not being aware of the defendant's proximity until he heard the defendant's horn, turned and saw the defendant's vehicle twenty feet away, notwithstanding he testified that as he entered the intersection he had seen the defendant two hundred fifty to three hundred feet away approaching at twenty miles an hour. There was evidence that the road surfaces were covered with snow and ice.

The justice's finding for the defendant made upon oral evidence is not reviewable. *Bresnick* v. *Heath*, 292 Mass. 293, 296.

The report shows that the plaintiff by his motion for a new trial was asking the justice to reconsider a matter he had just heard and decided. "A tribunal cannot ordinarily be required to reconsider upon the same evidence its decision of fact or law." *Bartley* v. *Phillips*, 317 Mass. 35, 39 and cases cited.

There being no reversible error of law the **re-**

port should be dismissed.

HAROLD HURWITZ
  for the Plaintiff
DESMARAIS & CAREY of New Bedford
  for the Defendant