*Southern Division*

**DANIEL S. HURWITZ, PPA**

v.

**ROBERT J. SULLIVAN**

**ROBERT J. SULLIVAN**

v.

**DANIEL S. HURWITZ**

Argued: Sept. 18, 1968    Decided: Feb. 28, 1969

*Present:* Nash, C.J., Cox, Lee, J.J.

Case tried to *Horrocks, J.,* in the Third District Court of Bristol   Nos. 9040 and 9244

*Lee, J.* These are cross actions in tort which the plaintiffs seek to recover for property damage to their motor vehicles arising out of a collision in New Bedford, Massachusetts, on December 27, 1966. The answer of the defendant was a general denial and contributory negligence in the case of *Hurwitz, ppa* v. *Sullivan,* and a general denial in the case of *Sullivan* v. *Hurwitz.*

· There was a finding for the plaintiff in the amount of $700.00 in the case of *Hurwitz v. Sullivan* and a finding for the defendant in the case of *Sullivan* v. *Hurwitz.* The defendant seasonably filed a motion for a new trial alleging in the case of *Hurwitz* v. *Sullivan* that the finding was against the evidence, was

against the law and that the damages were excessive. The motion was denied by the trial justice. The defendant Sullivan now appeals that ruling to this Division.

In the case of *Sullivan* v. *Hurwitz* the plaintiff seasonably filed a motion for a new trial alleging that the finding was against the evidence, was against the weight of the evidence, was against the law and was contrary to the allegations set out in the defendant's answer. The plaintiff, Sullivan, appeals that ruling to this Division.

At the trial there was evidence tending to show:

Sullivan was the owner and operator of a four door sedan traveling west on Maple Street and was in collision with a motorcycle owned and operated by Hurwitz, which was traveling south on Rotch Street. A police officer, who was called to the scene, testified that he determined the point of impact from both parties to be nine feet south of the north curb of Maple Street and twelve feet west of the east curb of Rotch Street and that both Maple Street and Rotch Street are thirty feet wide. He further testified that the motorcycle had sixteen feet of brake marks before the impact and that the sedan had no brake marks.

Hurwitz testified that he observed the sedan and applied his brakes and that the bike started to skid and he let up on the brake and hit the

sedan at an angle on the right side of the front fender. He further testified that he was traveling to the right of the center of Rotch Street; that the front end of his motorcycle was to the right of the center when the impact took place and that the motorcycle then slid so that the left side of the motorcycle came into contact with the right front and rear doors. Hurwitz landed on the hood of Sullivan's vehicle. Hurwitz told the police officer that he was traveling at a speed of twenty to twenty-five miles an hour when he first saw the defendant. At the trial, Hurwitz testified that he applied his brakes and that at the time of impact, he was going about 2 to 3 miles per hour. Sullivan told the police officer that he was traveling west on Maple Street and stopped for the stop sign at Rotch Street and did not see the motorcycle coming and was hit on the right side. Hurwitz testified that he was traveling south on Rotch Street, he saw Sullivan traveling west on Maple Street and thought that he was going to stop for the stop sign; that when Sullivan did not stop, Hurwitz applied his brakes; that after the accident, Sullivan told Hurwitz that he did not have property damage insurance and that Hurwitz should not report the accident and that Sullivan would gladly pay for the damage to the motorcycle; and that Sullivan further stated to the motorcyclist that he didn't know why he didn't stop at the stop sign because he always used to stop at that sign; that Hurwitz

told Sullivan he had better stay at the scene because he wanted him to be there when the police came; that when the police came, the police officer questioned Sullivan who then said he had stopped and that when Sullivan told the police officer that, Hurwitz started to contradict him and the police officer told Hurwitz to keep quiet and he would have his chance to give his statement after Sullivan finished giving the police officer his own statement. Hurwitz testified that before the accident, the fair market value of his motorcycle was $1,000 and that after the accident, the fair market value of the motorcycle was $300. Hurwitz further testified that the motorcycle was a new one that had been purchased around January, 1966 for approximately $1,300. Under cross-examination Hurwitz stated that he only partially repaired the motorcycle for an amount he could not recall, and that the following partial repairs he drove the motorcycle back to college in New York; that he had the motorcycle at school when it was stolen for a period of three months; and that he disposed of the motorcycle without making any further repairs in the summer of 1967 for $200.

An expert of Sullivan testified that after examining a parts list for the particular motorcycle and conferring with two motorcycle dealers in New Bedford he was of the opinion that the damage to the motorcycle was $415. On cross-examination, the expert admitted that assum-

ing the motorcycle cost $1,300 in January, 1966 that a fair depreciation figure would be around $250 to $300 as of December, 1966, thus giving the motorcycle a fair market value of $1,000 just prior to the accident and the expert further agreed that the fair market value of the motorcycle after the accident was $300.

The only issue presented in these cases is whether or not the justice erred in denying either or both of Sullivan's motions for a new trial.

There was a collision at an intersection. There rested upon Sullivan a not inconsiderable responsibility at the stop sign and a question of fact was presented which it was for the justice to determine. Sullivan was required to stop at the stop sign prior to entering the intersection before the general rule of right of way at an intersection under G.L. c. 89 § 8 applies. Even then that right of way as the first one at the intersection was not absolute and Sullivan was not relieved of the duty to exercise due care with reference to the motorcycle approaching the intersection on his right. A finding was not required that Sullivan had the right of way or indeed that he had stopped before entering the intersection, but even if he had stopped and had the right of way its assertion by him may be found to have been negligent or even foolhardy. *Canane* v. *Dandina*, 355 Mass. 72.

It is well settled that the denial of a motion

for a new trial brings up only the question of whether there was abuse of discretion on the part of the Court. *Bartley* v. *Phillips,* 317 Mass. 35, 41, 42. *Commonwealth* v. *Sharpe,* 322 Mass. 441, 444.

The finding as to damages will be overturned only if the award is so erroneous that as a matter of law it ought not to stand. *Bartley* v. *Phillips,* 317 Mass. 35, 40, 44.

The evidence sufficiently supports the findings of the trial justice and the damages awarded. **Report is ordered dismissed in both cases.**

HAROLD HURWITZ
  of New Bedford for Hurwitz
EDWARD J. HARRINGTON
  of New Bedford for Sullivan