COMMONWEALTH *vs.* JOHN S. GLOWSKI. December 31, 1982. The defendant appeals from a conviction of vehicular homicide. G. L. c. 90, § 24G. See generally *Commonwealth* v. *Jones,* 9 Mass. App. Ct. 103, 107, 120 (1980), *S.C.,* 382 Mass. 387 (1981). 1. Assuming without deciding that the evidence required a finding that the collision occurred in the southbound lane of routes 5 and 10, the judge would nevertheless have erred if he had allowed the defendant's motion for a required finding of not guilty. The evidence, including the photographs depicting the points of damage to the two accident vehicles and the positions where they came to rest at the west side of the intersection, warranted the jury in finding beyond a reasonable doubt that the cause of the collision was the defendant's entry into the intersection in the face of oncoming traffic without "reasonable prudence and . . . suitable regard for his own safety and that of others." *Canane* v. *Dandini,* 355 Mass. 72, 76 (1968). *Freyermuth* v. *Lutfy,* 376 Mass. 612, 616 n.3 (1978). 2. Any ambiguity that may have

existed when the judge first referred in his charge to the stipulation concerning the cause of the decedent's death was sufficiently cured when the judge immediately thereafter correctly described the nature and scope of the stipulation. The earlier ambiguity does not rise to the level of reversible error.

*Judgment affirmed.*

*James F. Gettens* for the defendant.

*Stephen R. Kaplan,* Assistant District Attorney, for the Commonwealth.