*Northern District*

No. 4938

**KATHLEEN CLARK**

v.

**HENRY V. BEAUDRY**

(October 29, 1956)

*Connelly, J.* In this action of tort the plaintiff seeks property damage from the defendant as the result of his alleged negligence in operating his automobile on Bridge Street, a public highway in the City of Lowell, on March 12, 1955. The answer was a general denial, contributory negligence, an allegation that the plaintiff's automobile was a trespasser on the highway, and the statute of limitations.

*At the trial* the plaintiff testified that she was the owner of a 1950 Chevrolet Sedan, which was parked parallel to the curb on the right hand side of the traveled way on Bridge Street, Lowell, on or about 6:00 P.M., March 12, 1955, directly in front of her home; that on or about 8:00 P.M. the same evening she heard a crash; that she then went directly from her home to her automobile and saw a taxicab, of which the defendant was the operator, in contact with her car, the front of the taxicab being under the rear of the plaintiff's automobile to the extent that it was necessary to lift the rear of the plaintiff's automobile with a crane in order to disengage it from

the taxicab; that her automobile was about fifteen feet beyond where she had parked it; and that she did not witness the accident, nor could she state how her motor vehicle was damaged.

The defendant did not testify, but a police report of the accident was admitted in evidence by agreement of counsel and made a part of the record of the case.

From the police report it appeared that the defendant stated that he was on his way to Dracut to pick up a passenger; that he was going about 25 miles an hour on Bridge Street nearing 12th Street; that a car came out onto Bridge Street at about 40 miles per hour swinging towards Dracut, causing him, the defendant, to strike the car that was parked in front of 849 Bridge Street; that this car was pushed 15 feet from its parking space; and that the car on 12th Street was a black Ford whose number was not obtained. The police report also showed that the defendant's car was damaged as follows: front grille, front right fender, right head light, front bumper, steering wheel broken; and that the plaintiff's car was damaged as follows: rear trunk, bumper, rear grille, rear left fender. It appeared also that 12th Street intersects with Bridge Street and comes into Bridge Street from the right as the defendant was traveling along Bridge Street.

At the close of the trial the defendant made the following requests for rulings:

"1. There is no evidence to warrant a finding that the defendant, in the operation of his motor vehicle, was negligent.
2. Upon all the law and evidence the plaintiff has failed to prove that the defendant was negligent."

The Court denied both requests and made the following findings of fact:

"I find from all the creditable evidence that on March 12, 1955, the plaintiff was the owner of a 1950 Chevrolet Sedan and at about 8:00 P.M. in the evening her car was properly parked outside her home on Bridge Street, parallel to the curb.

I further find that the defendant was operating a taxicab on Bridge Street and according to his testimony, when he approached the intersection of Bridge Street and 12th Street a car came out of 12th Street at an excessive rate of speed and made a right turn in the direction of the parked car towards Dracut.

"I further find that the defendant was operating his car at a speed of about 25-30 miles per hour and after he struck the plaintiff's car, he pushed it fifteen (15) feet from the place where it was parked.

"I further find from all the evidence that the defendant was travelling at a speed that was greater than reasonable and proper under the conditions and he should have been able to bring his car to a stop when the car came out of 12th Street.

"I, therefore, find that the defendant was negligent and his negligence was the sole cause of the accident.

"I, therefore, find for the plaintiff and assess damages in the sum of $173.02 together with interest from date of the writ."

The report stated that it contained all the evidence on the question reported.

A finding that the defendant was negligent was warranted. It is true, as the plaintiff contends, that the mere happening of a rear end collision between two motor vehicles, without evidence of the circumstances under which it happened, is not proof of negligence of either operator, but it takes only slight evidence of the circumstances to show negligence. The evidence in this case is sufficient to make out a *prima facie* case and "goes far enough to show the reasonably probable cause of the collision and the plaintiff was not required to exclude other possible causes thereof, such, for example, as interference with the operation of the defendant's automobile by other automobiles or by pedestrians." *Handler v. Coffey,*

278 Mass. 339; *Washburn v. R. F. Owens Co.*, 252 Mass. 47, 54; *Scott v. Lieberman*, 284 Mass. 325.

The trial judge did not have to take the defendant's version of what happened. He had evidence of substantial damage to both cars and the defendant's own admission in the police report that his car pushed the parked car fifteen feet after the collision, and that the accident happened on a straight, level, dry and lighted street in a thickly settled area. He found as a fact that the defendant was traveling at a speed that was greater than was reasonable and proper under the conditions and that he should have been able to bring his car to a stop when the other car came out of 12th Street. The defendant by driving at a speed of 25 miles per hour at this intersection violated G. L. c. 90, §17, and that is evidence of negligence. *Snow v. Nickerson*, 304 Mass. 63.

Also by not yielding the right of way at the intersection to the automobile coming out of 12th Street on the right at approximately the same time, he violated G. L. c. 89, §8, and that was further evidence of the defendant's negligence. *Fournier v. Zinn*, 257 Mass. 575.

Request No. 2 could not be granted as it was an improper request. It really embraces what should be two separate requests. In any event, in view of the Court's findings of fact it could not have been granted.

It was for the trial judge to decide what version of the evidence was entitled to credence and having made his findings of fact they should not be reversed unless they cannot be supported on any rational view of the evidence. *Abele v. Dietz*, 312 Mass. 685, 690.

There was no prejudicial error in the denial of both requests of the defendant and so the report is to be dismissed.

Brennan & Plunkett, for the plaintiff.

Hubert L. McLaughlin, for the defendant.