JUNE A. BALLINGER & another *vs.* PLYMOUTH AND BROCKTON STREET RAILWAY COMPANY & another.

Plymouth, December 8, 1971. — February 4, 1972.

Present: TAURO, C.J., CUTTER, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Negligence,* Motor vehicle.

In an action of tort for personal injuries sustained when the brakes of a bus in which the plaintiff was riding were applied suddenly to avoid hitting a truck of the defendant, a finding of negligence on the part of the operator of the truck was warranted on evidence permitting the inference that the truck was unreasonably close

when it approached from the right of the bus and turned in front of the bus, thus creating an emergency; the defendant's operator, even if entitled to the right of way under G. L. c. 89, § 8, was not absolved of the duty to use due care. [63–64]

TORT. Writ in the Superior Court dated September 1, 1965.

The case was tried before *Leen, J.*

*Charles J. Wilkins* for the plaintiffs.

*Robert G. Clark, Jr., & Allan H. Tufankjian,* for the defendant, submitted a brief.

TAURO, C.J. This is an action of tort by the plaintiff June A. Ballinger for personal injuries and by the plaintiff James Ballinger (her husband) for consequential damages resulting from a motor vehicle accident in Boston on September 8, 1964.[1]

The judge directed the entry of verdicts for the defendant Martindale on counts 2 and 4 under leave reserved. G. L. c. 231, § 120. The plaintiffs excepted. The only issue. raised is whether the evidence in its aspects most favorable to the plaintiffs was sufficient to support the jury's verdicts for the plaintiffs against the defendant Martindale. *Brightman* v. *Blanchette,* 307 Mass. 584, 589, and cases cited.

Applying this test, we believe that the jury on the evidence could have found as follows: On September 8, 1964, about 2:30 P.M., the plaintiff June Ballinger was a passenger in a bus owned by Plymouth and Brockton Street Railway Company. She was seated alone two or three seats from the rear on the right side next to the window. The bus went down Atlantic Avenue, Boston, to Kneeland Street and took a left turn from Kneeland Street onto an access to the Southeast Expressway. Simultaneously a

---

[1] The plaintiffs' declaration was in four counts: count 1 by June Ballinger for personal injuries alleging negligence of the defendant Plymouth and Brockton Street Railway Company, count 2 by June Ballinger for personal injuries alleging negligence of the defendant William A. Martindale, and counts 3 and 4 by James Ballinger for consequential damages against the same defendants. The jury returned verdicts for the defendant Plymouth and Brockton Street Railway Company on counts 1 and 3 and verdicts for the plaintiffs on counts 2 and 4.

panel truck owned by the defendant Martindale, coming from the right, entered the access. The driver of Martindale's truck had a clear view of the bus and he was traveling at a greater rate of speed than the bus. Maintaining this speed, he pulled ahead of the bus, passing so close in front of the bus that the bus driver reacted by slamming on his brakes to avoid a collision. There was no collision, but the sudden braking of the bus threw the plaintiff June Ballinger against the back of the seat facing her and then against her own seat. We believe that the evidence permitted a jury finding of negligence on the part of Martindale's driver.

The defendant Martindale argues that, inasmuch as there was no testimony as to the distance between his truck and the bus when the bus driver slammed on his brakes, the evidence was insufficient for the jury to determine, without recourse to conjecture, that the conduct of his driver was negligent and causally related to the accident. We do not agree. We said recently in *Gelinas* v. *New England Power Co.* 359 Mass. 119, 120, "The plaintiff . . . [is] entitled to have the case decided by the jury 'if anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff.' *Kelly* v. *Railway Exp. Agency, Inc.* 315 Mass. 301, 302. *Adams* v. *Herbert,* 345 Mass. 588, 589." The plaintiff June Ballinger could not state the distance between the vehicles when the bus driver applied his brakes, but she did testify that Martindale's truck pulled in front of the bus from a position parallel to the bus. The simultaneous entry of both vehicles onto the access, the passing in front of the bus by the truck, the sudden application of the brakes by the bus driver and the final stop by the bus, all occurred within a distance of fifty feet. This permitted the inference that the truck was unreasonably close to the bus when it turned in front of the bus, thus creating an emergency. In these circumstances, evidence of the distance between the vehicles was not necessary to present a jury question. Compare with

*Varisco* v. *Malovin*, 356 Mass. 712 (case involving multiple car "pile up" on four lane highway).

The defendant Martindale makes the further contention that his driver had the right of way as he entered the intersection of Kneeland Street and the access to the Southeast Expressway. G. L. c. 89, § 8. This does not necessarily appear from the record. But in any event, even if the driver was entitled to the right of way under the statute, this right is not absolute and cannot absolve an operator of the duty to use due care. Possession of the right of way is therefore only one factor for the jury to take into account in determining whether an operator performed his duty of due care or was negligent. *Gaines* v. *Ratnowsky*, 311 Mass. 254, 258. *Canane* v. *Dandini*, 355 Mass. 72, 76. See *Luff* v. *Mahlowitz*, 296 Mass. 206.

The majority of the court conclude that the evidence as to Martindale's negligence, although not overwhelming, was sufficient to support the jury's verdicts for the plaintiffs. See *Decker* v. *Berkshire Gas Co.* 360 Mass. 78, 80. The plaintiffs' exceptions are sustained, and judgments are to be entered for the plaintiffs on the jury's verdicts.

*So ordered.*