*Southern District*

### No. 46

## DORIS R. TONEATTI AND ARTHUR TONEATTI

### v.

## ALICE J. BARTELAMIS AND MARIE L. WILSON

Argued: Dec. 7, 1972 - Decided: March 9, 1973

*Present:* Murphy, P.J., Lee, Prince, JJ.

Case tried to *Brown, J.* in the District Court of Eastern Norfolk. No. 67981.

**Lee, J.** This is an action in tort to recover for personal injuries and consequential damage sustained as a result of a collision between a vehicle operated by the plaintiff Doris Toneatti and a vehicle owned by Marie Wilson and operated by Alice Bartelamis. It was stipulated prior to trial that named defendants were the owner and operator, respectively, of the vehicle involved in the collision with the principal plaintiff. The answer, so far as is here material, is a general denial and contributory negligence.

There was a finding for the plaintiffs.

**At the trial there was evidence tending to show that** on the day of the accident the plaintiff, Doris Toneatti was proceeding east on West High Street in Avon. The weather was clear and dry. When she came to Main Street, which is also Route 28, she came to a stop at a stop sign. Route 28 is wide enough to accommodate two lanes of traffic in each direction.

To her right on Route 28 there was a truck stopped in the passing lane and turned to its left toward West High Street. While she was stopped, a gray car, not the defendants', passed the truck in a northerly direction between the truck and the easterly side of Route 28. She then proceeded forward at a speed of 5 to 10 miles per hour and as she passed the truck, defendant vehicle collided with the right door of the plaintiff's vehicle. She did not see defendant vehicle prior to impact. Following the accident, the plaintiff had a conversation with defendant operator who said that she, the defendant, "didn't see me".

The defendants duly made the following requests for rulings:

1. The evidence does not warrant a finding that the defendants were negligent.

2. The evidence warrants a finding that the plaintiff Doris Toneatti was negligent and that her negligence contributed to the happening of the accident.

3. The evidence does not warrant a finding for the plaintiffs on Counts 1 and 2.

4. The evidence does not warrant a finding for the plaintiffs on Counts 3 and 4.

The court made the following disposition of these requests:

1. Denied.

2. Allowed, but I do not so find.
3. Denied.
4. Denied.

The court made the following finding:

"I find plaintiff was travelling about 10 miles per hour and was more than three quarters of the way into the intersection when she was struck on the right door. I find the defendant did not see the plaintiff's car until after the accident happened. I find the plaintiff's actions in no way contributed to the accident."

The question before us is whether the reported evidence supported the finding of the trial justice.

The evidence produced at the trial showed the plaintiff operator to have proceeded three quarters of the way through the intersection in question at an approximate speed of 5 to 10 miles per hour. She was struck on the right door by the defendant's motor vehicle coming from her right into the intersection.

This gives credence to the fact that the plaintiff operator entered the intersection first and had the right of way under G.L. c. 89, §8.

Neither operator saw the other vehicle prior to impact. The fact that the plaintiff did not see the defendant's motor vehicle is not conclusive evidence that the plaintiff was negligent. It was, however, a fact of considerable importance. *Morton* v. *Dobson,* 307 Mass. 394, 396.

The findings of the trial justice must be sustained if the evidence reported, considered in its aspects most favorable to the plaintiff, supports them. *Sutherland* v. *McGee,* 329 Mass. 530 at 531. *Kellogg* v. *Suher,* 329 Mass. 544 at 546. *Moss* v. *Old Colony Trust Company,* 246 Mass. 139, 143.

We find that the decision for the plaintiff can be supported by the evidence with legitimate inferences therefrom.

There was ample evidence to justify the denial of the defendants requests for rulings numbers 1, 3 and 4 and for the allowance of the defendants request number 2.

There being no prejudicial error, the report is ordered dismissed.

RICHARD BAMBERG
   for Plaintiff

DAVID W. WOODS
   for Defendant