EDWARD A. MONTONE, administrator, *vs.* JOSEPH T. JAMES & another. November 26, 1976. 1. There was evidence from which the jury might have found that the plaintiff's intestate violated G. L. c. 90, § 17, by traveling at a speed greater than what was reasonable and proper, and G. L. c. 89, § 8, by failing to grant the right of way to a vehicle which had already entered the intersection. Consequently, there was no error in the judge's instructing the jury on the subjects of contributory negligence and violation of law. 2. There was no inconsistency in the judge's action in allowing the motion for a new trial on the counts for wrongful death and property damage but not on the counts for conscious pain and suffering. Assuming, without deciding, that there was evidence from which the jury might have found that there was conscious pain and suffering (compare *Carr* v. *Arthur D. Little, Inc.* 348 Mass. 469, 474-478 [1965]; *Fialkow* v. *DeVoe Motors, Inc.* 359 Mass. 569, 573-574 [1971]), it was obviously not such as to require the judge to conclude that the verdict on those counts was against the weight of the evidence. *Pearlin* v. *Farrell,* 356 Mass. 741 (1970).

*Exceptions overruled.*

*John E. Lecomte (William Tick* with him) for the plaintiff.

*Richard L. Neumeier* for the defendants.