Doyle, P. J.
This is an action in tort in which the plaintiff seeks to recover for bodily injuries and property damage sustained in a motor vehicle collision.
Judgment was entered for the defendant.
The reported evidence may be summarized as follows:[1] At approximately 12:30 A.M. on March 14, 1983, plaintiff Maccarone was driving passenger James Lazzarino to the latter’s home in East Boston before proceeding to his-girlfriend’s house. The two had spent the evening at Wonderland Race Track - where driver Maccarone had consumed beverages of an alcoholic nature. The *18 plaintiffs 1978 Ford LTD became temporarily disabled en route which then rendered the plaintiff late for his scheduled appearance at his girlfriend’s home.
At the time of the incident in question, the plaintiff was driving on Bremen Street, approaching the intersection of Maverick Street. The roads were wet and it was drizzling intermittently. The plaintiffs vehicle did not stop at the intersection, but merely “hesitated” and then proceeded at approximately 20 to 25 M.P.H. into the intersection. The plaintiff was, at that moment, talking with his passenger about the events of the evening and did not see the defendant’s car enter the intersection to his left. The plaintiff testified that he knew that the intersection of Bremen and Maverick Streets was a dangerous one.
Defendant George Phillips, a resident of Kansas City, Missouri, had arrived at Logan Airport at 11:30 P.M., rented a car and obtained directions to East Boston. The defendant had never been in the area before. The defendant proceeded at 20 to 25 M.P.H. along Maverick Street. There were cars parked on both sides of the street as he approached the intersection, with one car parked directly at the corner of Bremen Street. The defendant first saw the plaintiffs car when he was only 30 feet from the intersection. The defendant immediately applied his brakes and turned his steering wheel, which reduced the speed of his vehicle to 5 to 10 M.P.H. at the point of impact. The right front fender of the defendant’s car struck the plaintiffs left rear passenger door.
The parties engaged in conversation for a few minutes after the accident. The plaintiff emitted an odor of alcohol, had slurred speech and rejected the defendant’s request to call the police, indicating that he did not want the police involved.The police were called, but did not charge the plaintiff who was transported by ambulance to the Winthrop Hospital, given a neck collar and thereafter released. The plaintiff eventually incurred medical bills in excess of $500.00 which consisted primarily of physical therapy expenses.
The plaintiff filed two requests for rulings of law pertaining to G. L. c. 89, §8 and a motorist’s right of way at an intersection.[2] These requests were allowed.
The trial justice entered twenty-seven separate findings of fact and the following “rulings of law:”
1. A right of way is not absolute and cannot absolve an operator of his duty to use due care.
2. Even though the plaintiff entered the intersection first, he did so before determining whether it was reasonably prudent or with suitable regard for his own safety and that of others.
3. The plaintiff was more than fifty percent negligent.
The plaintiff subsequently filed aDist./Mun. Cts. R. Civ. P. Rule 59(e) motion to alter or amend judgment on the sole ground that “the judgment as entered is inconsistent with the facts found.” Said motion was denied. The plaintiff now claims to be aggrieved by the trial court’s rulings of law numbers 1 through 3.
The sole basis of the plaintiffs appeal, as stated in counsel’s written brief and reiterated in oral argument, is that the trial justice’s “rulings of law” were “unsupported by subsidiary findings of fact and inconsistent with other facts that were found.” The plaintiff does not expressly designate or identify those *19 facts which are allegedly inconsistent, incompatible, or in conflict with the trial court’s ultimate findings and rulings. Nor can we discover any which are dispositive. Although the plaintiff had a statutory right of way at the time of the collision, the trialjustice utilized the correct and well established law in this area in determining that the plaintiffs degree of responsibility for the vehicular mishap was greater than the defendant’s.
In Massachusetts, even if the driver of a vehicle has the right of way under c. 89, §8, the right is by no means absolute. Its possession does not absolve the driver of the duty to exercise due care. Indeed, a driver who has the right of way at an intersection may be negligent, or even foolhardy, if he asserts his rights on some occasions. Possession of the right of way is only one consideration to be taken into account in determining whether a driver has performed his duty to use due care.
Canane v. Dandini, 355 Mass. 72, 76 (1968). See also, Bellinger v. Plymouth & Brockton Street Ry. Co., 361 Mass. 61, 64 (1972); Fallovallita v. Johnsyn, 317 Mass. 153, 155 (1944). The plaintiffs statutory right ofwaywas only one factor to be weighed by the trialjustice herein in light of other evidence relative to the reasonable prudence exercised by the plaintiff to avoid injury to himself and other travellers in asserting his right of way. See, generally, Freyermuth v. Lufty, 376 Mass. 612, 616 fn. 3 (1978); Avery v. R.E. Guerin Trucking Co., 304 Mass. 500, 505 (1939) Bresnick v. Heath, 292 Mass. 293, 297-298 (1935). There was thus no legal inconsistency between the trial justice’s recognition of the plaintiffs statutory right of way and ultimate finding for the defendant.
The actual thrust of the plaintiffs arguments appears to be a charge that the evidence did not warrant a finding for the defendant. As the plaintiff failed to submit a Dist./Mun. Cts. R. Civ. P., Rule 64(b) request for ruling which specifically raised an issue as to the insufficiency of the evidence to support a judgment for the defendant, the question of such an insufficiency and of the trial court’s factual findings is not open to the plaintiff on this appeal.[3] Massachusetts Gen. Hosp. v. Quincy, 348 Mass. 791 (1968); Bandera v. Donohoe, 326 Mass. 563, 564 (1950); Reid v. Doherty, 273 Mass. 388, 389 (1930); Cifizarri v. D'Annunzio, 1984 Mass. App. Div. 102, 103; New England Copy Specialists, Inc. v. Massachusetts State Pharmaceutical Assoc., 1983 Mass. App. Div. 139, 140. A claim of an alleged inconsistency between findings and rulings raises an issue separate and distinct from any question as to the weight and sufficiency of evidence adduced at trial. Having failed to submit a proper request for ruling to the trialjustice, the plaintiff waived any right to appellate review of the sufficiency of the evidence herein. The plaintiff could' not resurrect this right by filing a post-judgment motion predicated solely on an allegation of inconsistency.
In any event, the question of negligence on the part of either or both of the operators of vehicles involved in an intersection collision is generally one of fact for the trial court. Brightman v. Blanchette, 307 Mass. 584, 586 (1940); Lenling v. Delano, 347 Mass. 778 (1964); Clay v. Pope & Cottle Co., 273 Mass. 40, 44 (1930). The court’s ruling of law number 3 herein constituted an ultimate finding of fact that the plaintiff was more responsible for the collision *20 in question than the defendant. An examination of the reported evidence in its entirety establishes that such finding was not “clearly erroneous” and must stand on this appeal. The defendant’s technical violation of the plaintiffs statutory right of way under G. L. c. 89, §8 constituted the only evidence of defendant’s negligence, see Montane v. James, 4 Mass. App. Ct. 857 (1976); Clark v. Beaudry, 12 Mass. App. Dec. 123 (1956), advanced by the plaintiff in support of his claim. It is evident that the trial justice properly balanced this fact against evidence of the plaintiffs lack of due care, including his admitted inattention upon entering the intersection, Gaines v. Ratnowsky, 311 Mass. 264, 257 (1942); and his failure to observe the defendant’s vehicle. Morton v. Dobson, 307 Mass. 394, 396 (1940); Toneatti v. Bartelamis, 51 Mass. App. Dec. 52, 55 (1973). Giving due deference to the trial justice’s role as arbiter of the weight and credibility of the evidence, we find no error herein.
Report dismissed.

This summary is drawn primarily from the trial justice’s extensive, subsidiary findings of fact which resolve certain conflicts in the testimonial evidence reported to this Division. The report expressly states that neither party challenges the court’s factual findings.

Plaintiffs requests numbers one and two state: “1. Where motorist A enters an intersection in the Commonwealth of Massachusetts before motorist B, approaching from A’s left, enters the intersection, motorist A has the right of way.” “2. Where motorist A enters an intersection at approximately the same instant as motorist B, approaching from A’s left, motorist A has the right of way.” The remainder of plaintiffs requests sought rulings pursuant to G. L. c. 231, §6D on “reasonable • and necessary medical expenses” and are immaterial to issues raised on this appeal. These requests we--e, in any event, also allowed.

To expand the scope of this appeal to encompass questions of the weight and sufficiency of the evidence, the plaintiff has mistakenly relied on certain phraseology in Satlawa v. New England Tel. & Tel. Co., 54 Mass. App. Dec. 97, 107 and Sullivan v. Aussebel, 39 Mass. App. Dec. 222, 227 for the proposition that the mere entry of subsidiary findings by a trialjustice brings to this Division the issue of whether the evidence warranted the ultimate finding. Said proposition was true in both cases, however, only because the appellants therein had filed requested rulings in the trial court which tested the sufficiency of the evidence.