Toomey, J.
Following a motor vehicle collision, the petitioner’s insurance company imposed a surcharge upon petitioner, even though a district court magistrate had found the petitioner not responsible for the collision. The petitioner sought review, by the Board of Appeal on Motor Vehicle Liability Policies and Bonds, of the surcharge imposition. The Board upheld the insurance company’s imposition of the surcharge. Pursuant to G.L.c. 30A, §14, the petitioner now appeals the Board’s decision.
BACKGROUND
The material facts are as follows. On March 9, 1993 at approximately 6:10 a.m., the petitioner, Carolyn Gray, was involved in a motor vehicle collision in Bolton. The roadway was icy and the weather was misty. Ms. Gray estimates that she was traveling at the speed of 20-25 m.p.h. southbound on Berlin Road when she rounded a curve and saw a flare in the road. She decelerated and came upon a cruiser parked in the roadway in her direct line of travel. The cruiser was being operated by Bolton police officer Michael Slepetz, who was investigating another motor vehicle collision which had occurred as a result of the icy road conditions. Officer Slepetz had activated his cruiser’s lights and placed the road flare 284 feet north of the cruiser to warn motorists of the accident scene. Officer *56 Slepetz estimated that Ms. Gray’s car was traveling at 30-35 m.p.h. in a posted 25 m.p.h. zone. When Ms. Gray saw the parked cruiser, she braked, tried to drive around it, but her car skidded and the right front of her vehicle collided with the left rear end of the cruiser.
Officer Slepetz issued Ms. Gray citations for speeding and for a highway violation. On April 22, 1993, Ms. Gray appealed the citations in Clinton District Court before Magistrate Edgar J. O’Malley, who found her not responsible for both citations.
Nonetheless, Ms. Gray’s insurer, Holyoke Mutual Insurance Company, determined that she was more than 50% at fault in the accident, and it paid $2,558.05 to the state police for damages to the cruiser. Consequently, on February 17, 1993, Holyoke Mutual Insurance Company surcharged Ms. Gray.
On March 10, 1994, Ms. Gray appealed the imposition of the surcharge to the Board of Appeal on Motor Vehicle Liability Policies and Bonds. On June 21, 1994, the Board upheld the surcharge on the grounds that Ms. Gray was more than 50% at fault for the accident. The Board relied upon 211 CMR §74.04 under which a motor vehicle operator is presumed to be in excess of 50% at fault if he or she collides with a lawfully or unlawfully parked vehicle.
DISCUSSION
At issue in this appeal, pursuant to G.L.c. 30A, §14, is whether the Board was justified in affirming the surcharge, even though a district court magistrate found that the petitioner was not responsible for the collision. Although the petitioner does not specify the precise grounds of her G.L.c. 30A, §14 appeal, this Court will assume that she asserts that the Board’s decision was unsupported by substantial evidence.
An agency’s decision may be set aside if it is unsupported by substantial evidence. G.L.c. 30A, §14(7)(e); Olde Towne Liquor Store, Inc. v. Alcoholic Beverage Control Commission, 372 Mass. 152,153 (1977). Substantial evidence must be evaluated in the light of contradicting evidence which fairly detracts from the weight of the evidence upon which the agency relied. Cohen v. Board of Registration in Pharmacy, 350 Mass. 246, 253 (1966). This court must determine whether the evidence point to an appreciable probability of the conclusion reached by the Board. New Boston Garden Corp. v. Assessors of Boston, 383 Mass. 456, 466 (1981).
Under the substantial evidence test, a reviewing court is not empowered to make a de novo determination of the facts, to make different credibility choices, or to draw different inferences from the facts found by the agency. Retirement Board of Brookline v. Contributory Retirement Appeal Board, 33 Mass.App.Ct. 478, 480 (1992), rev. denied, 414 Mass. 1101 (1992). The reviewing court may not substitute its own judgment for that of the agency. Southern Worcester County Regional Voc. School Dist. v. Labor Rel. Comm'n, 386 Mass. 414, 420-21 (1982), citing Olde Town Liquor Store, Inc. v. Alcoholic Beverages Comm’n, 372 Mass. 152, 154 (1977). A party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Liability Policies & Bds., 27 Mass.App.Ct. 470, 474 (1989).
G.L.c. 175, §113B establishes a Safe Driver Insurance Plan (the Plan) which provides for driver classifications and insurance premium adjustments based upon an insured’s driving record. G.L.c. 175, §113B (1990 ed.) At-fault accidents constitute surchargeable incidents under the Plan. Id. Insureds may appeal the imposition of surcharges by their insurer to the Board of Appeals on Motor Vehicle Policies and Bonds. G.L.c. 175, §113P (1987 ed.). The Board may deny the appeal if it finds that the imposition of the surcharge was in accordance with the Plan. Id. Moreover, “the board may deny such appeal without a hearing on the basis of the standards of fault to be promulgated by the board.” Id.[2]
The magistate’s finding that Ms. Gray was not responsible for the citations does not contol the Board’s application of the Plan or judicial review of the Board’s decision. The Board is an administrative agency governed by regulations designed to enforce automobile insurance rates, whereas the magistrate’s determination addresses whether a driver was responsible for the matters asserted in a motor vehicle citation.
In the instant case, it is uncontroverted that Ms. Gray collided with Officer Slepetz’ parked cruiser. Ms. Gray has offered no evidence tending to overcome the presumption that she was more than 50% at fault. The Board, therefore, resolved the conflicting factual versions of the collision in reliance upon the standard of fault provision’s presumption and by finding the police officer’s version of events more credible than that of Ms. Gray. That latter finding may not be challenged in the instant proceeding. See Merisme v. Board of Appeals on Motor Vehicle Liability Policies and Bonds, 27 Mass.App.Ct. at 472-73.
The evidence in the administradve record supports an appreciable probability of the conclusion arrived at by the Board, viz, that Ms. Gray was in excess of 50% at fault under the standard of fault provision of the applicable regulation. Therefore, there is substantial evidence to support the Board’s finding that Ms. Gray is subject to the surcharge and her appeal must fail.
ORDER
For the foregoing reasons, it is hereby ORDERED that the decision of the Board of Appeal on Motor Vehicle Liability Policies and Bonds be AFFIRMED.

The pertinent standard of fault provision, 211 CMR §74.04, provides: 1) Collision with a parked vehicle. An operator of a vehicle subject to the Safe Driver Insurance Plan which is in a collision with a lawfully or unlawfully parked vehicle shall be presumed to be at fault in excess of 50%.