Doerfer, J.
INTRODUCTION
This matter is before the Court on an appeal by the plaintiff Bryan P. Goggin from a decision of the Board of Appeal on Motor Vehicle Liability Policies and Bonds affirming a determination by Goggin’s insurer, Commerce Insurance Company, that Goggin was more than fifty percent at fault in a motor vehicle accident occurring on June 28, 1997, and upholding Commerce’s imposition of an insurance premium surcharge on Goggin for that accident. For the reasons discussed below, the Board’s decision is REVERSED. BACKGROUND
On June 28, 1997, the plaintiff Bryan Goggin (Goggin) was involved in a motor vehicle accident with a second vehicle driven by Raphael Alverio (Alverio). The accident occurred at the intersection of Warren Street and Manomet Avenue in Hull. Goggin was traveling south on Warren Street, approaching the intersection of Manomet Avenue, when he slowed down to drive around a large Chevrolet Suburban van which was parked on the right side of Warren. Goggin did not see a stop sign on the corner of Warren and Manomet because it was obstructed by the van, which *371 had tinted windows, and by overgrown bushes. Accordingly, travelling approximately 25-30 miles per hour, Goggin proceeded straight ahead into the intersection of Manomet Avenue, a four-lane road, without stopping. While crossing the fourth lane, Goggin collided with Alverio, who was travelling east on Manomet. The front end of Alverio’s vehicle impacted the two passenger side doors of Goggin’s vehicle.
Goggin received a $50 citation for failure to stop in connection with the accident. However, following a hearing in Hingham District Court on September 23, 1998, he was found not responsible for the accident.
Under the Massachusetts Safe Driver Insurance Plan, Goggin’s insurer, Commerce Insurance Company, was required to make a determination as to whether its insured was more than fifty percent at fault for the accident. See G.L.c. 175, §§113B, 113P (1994). Commerce determined that Goggin was indeed more than fifty percent at fault, relying on 211 Code Mass. Regs. §74.04(08). Said regulation provides that an operator of a motor vehicle who fails to obey a traffic control signal or sign and then is involved in a collision with another vehicle shall be presumed to be at fault in excess of 50%. As a result of this determination, Commerce issued an insurance premium surcharge notice to Goggin on July 11, 1997.
Goggin appealed Commerce’s determination to the Board of Appeals on Motor Vehicle Liability Policies and Bonds (the Board) pursuant to G.L.c. 175, §113P. At a hearing on March 9, 1998, the following evidence was presented: the surcharge notice and appeal form; the accident report signed by Goggin; the Hull Police Department’s record of the accident; Commerce accident reports signed by Raphael Alverio and Claudio Santiago, the owner of the vehicle driven by Alverio; 12 photographs of the accident scene and the damage to the vehicles; and Goggin’s testimony. The Board found that regardless of the obstruction of the stop sign:
the collision occurred in the lane farthest away from the appellant when entering the intersection. He bore the responsibility to observe and yield to traffic approaching from his right and even if he was unaware of or if there was no stop sign, he should have become aware of the intersection after he entered it... appellant [bore] the duty to observe and to yield to traffic approaching from his right, which the appellant failed to do. Nothing obstructed the appellant’s view of the far lane once he cleared the truck parked on Warren Street. He therefore crossed the near lane of traffic and entered the far lane without observing the approaching claimant vehicle.
Accordingly, the Board concluded that Goggin was more than fifty percent at fault for the accident and upheld the surcharge issued by Commerce. Goggin now seeks judicial review of the Board’s decision pursuant to G.L.c. 175, §113P and c. 30A, §14, asserting that the decision was unsupported by substantial evidence.
DISCUSSION
General Laws c. 175, §113B establishes a Safe Driver Insurance Plan which provides for driver classifications and insurance premium adjustments based on an insured’s driving record. Under this plan, an at-fault accident constitutes a surchargeable incident. G.L.c. 175, §113B (1994). Accordingly, insurers of motor vehicles in Massachusetts are required to impose merit rating surcharges on insured drivers who are more than fifty percent at fault in causing a motor vehicle accident. G.L.c. 175, §113. Pursuant to this requirement, the Board has established standards of fault to be used in determining when a driver is more than fifty percent at fault in causing an accident. 211 Code Mass. Regs. §74.04. These standards of fault are determinative unless the operator overcomes the presumption of fault by producing sufficient evidence to the contrary at an initial review or hearing of the Board. 211 Code Mass. Regs. §74.03.
Chapter 175, Section 113P allows any person aggrieved by a finding or order of the Board to appeal therefrom to the Superior Court pursuant to the provisions of chapter 30A Section 14, the Massachusetts Administrative Procedure Act. G.L.c. 175, §113P (1994). Judicial review of the Board:s decision is thus confined to the administrative record. G.L.c. 30A, §§14(4), 14(5); Cohen v. Board of Registration in Pharmacy, 350 Mass. 246, 253 (1966). Accordingly, this Court must sustain the Board’s decision unless Goggin meets his burden of demonstrating that the Board’s decision is unsupported by substantial evidence. Langlitz v. Board of Registration of Chiropractors, 396 Mass. 374, 379 (1985); Merisme v. Board of Appeals on Motor Vehicle Liab. Policies and Bonds, 27 Mass.App.Ct. 470, 474 (1989). Substantial evidence means such evidence that a reasonable mind might accept as adequate to support a conclusion. G.L.c. 30A, §1(6); Prescott v. Board of Appeals on Motor Vehicle Liab. Policies and Bonds, 42 Mass.App.Ct. 36, 37 (1997). Substantial evidence must be evaluated in the light of contradicting evidence which fairly detracts from the weight of the evidence upon which the agency relied. Cohen v. Board of Registration in Pharmacy, supra at 253.
Standard of Fault 8 states that “The operator of a vehicle subject to the Safe Driver Insurance Plan shall be presumed to be more than 50% at fault when the operator fails to obey a traffic control signal or sign, or fails to proceed with due caution therefrom, and whose vehicle is thereafter in a collision with another vehicle.” 211 Code. Mass. Regs. §74.04(8). The Board has expertise in the determination of relative degrees of fault in motor vehicle accidents and it may use such expertise to establish evidentiary presumptions. DiLoreto v. Fireman’s Fund Ins. Co., 383 Mass. 243, 248-49 (1981). The presumptions of fault set forth in 211 Code Mass. Regs. §74.04 are determinative unless a showing to the contrary is demonstrated by sufficient evidence presented by the appellant at the hearing. 211 Code *372 Mass. Regs. §74.03; Yazbeck v. Board of Appeal on Motor Vehicle Liability Policies and Bonds, 41 Mass.App.Ct. 915, 916 (1996). Thus, an unrebutted presumption of fault is sufficient to meet the substantial evidence standard. DiLoreto v. Fireman's Fund Ins. Co., supra at 249 n.5; Yazbeck v. Board of Appeal on Motor Vehicle Liability Policies and Bonds, supra at 916.
Goggin argues that the Board erred in ruling that he failed to proceed with due caution from a stop signal under Standard of Fault 8 and G.L.c. 89, §9.[2] Chapter 89, Section 9 provides in relevant part:
After having stopped [at a stop sign or signal], the driver shall yield the right of way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time when such driver is moving across or within the intersection or juncture of roadways. G.L.c. 89, §9 (1989).
The Board found that Goggin “introduced photographs which showed a large vehicle that blocked his view of the stop sign. He stated that he was unaware that he was entering an intersection.” It was thus uncontroverted that the stop sign was obstructed from Goggin’s view. Nonetheless, the Board concluded that in proceeding from the stop sign, Goggin had the duty to yield the right of way to any vehicle close enough to cause a hazard and to wait for a more favorable opportunity to move from the stop sign pursuant to G.L.c. 89, §9 and 720 Code Mass. Regs. §9.05(9). Because the obligation to yield under these provisions arises after stopping from a stop sign or signal and before proceeding from such sign or signal, the Board’s application of these rules to Goggin under the circumstances of this case was unsupported by substantial evidence in the record.
Goggin further argues that the Board erred in ruling that he failed to yield the right of way under G.L.c. 89. §8 because its finding that both vehicles entered the intersection at the same time was unsupported by substantial evidence. Section 8 provides in relevant part:
When two vehicles approach or enter an intersection of any ways, as defined in Section one of chapter ninety, at appproximately the same instant, the operator of the vehicle on the left shall yield the right of way to the vehicle on the right. G.L.c. 89, §8 (1989).
The Board concluded that:
Even if this was an uncontrolled intersection and there was no stop sign the appellant would still bear the duty to observe and yield to traffic approaching from his right which the appellant failed to do. Nothing obstructed the appellant’s view of the far lane once he cleared the truck parked on Warren Street. He therefore crossed the near lane of traffic and entered the far lane without observing the approaching claimant vehicle.
However, the Board found that Goggin’s vehicle was in the fourth lane of Manomet Avenue when the collision occurred, and that the point of impact of the front of Alverio’s vehicle was the right passenger side of Goggin’s vehicle. The Board then concluded that Goggin failed to yield the right of way to Alverio’s vehicle, a requirement which applies when two vehicles enter an intersection of ways at approximately the same instant. Chapter 90, Section 1 defines “way” as “any public highway, private way layed out under authority of statute, way dedicated to public use, or way under the control of park commissioners or body having like powers.” G.L.c. 90, §1 (1989). Thus, all four lanes of Manomet Avenue constituted a single way and as soon as Goggin crossed the first lane, he had already entered the intersection of the ways.[3] Given the uncontroverted evidence that Goggin had already crossed three and one-half lanes of Manomet at the time of the collision, common sense suggests that he entered the intersection of Warren Street and Manomet before Alverio. See Fallovallita v. Johnsyn, 317 Mass 153, 155 (1944) (stating that the operator of a vehicle proceeding through an intersection was entitled to rely to a certain extent on the expectation that any other vehicle coming into the intersection would exercise reasonable care to avoid injury); Toneatti v. Bartelamis, 51 Mass. App. Dec. 52, 55 aff'd, 364 Mass. 832 (1973) (where a motorist had traversed three quarters of the way through an intersection at a moderate speed and his vehicle was struck on its right side by a vehicle coming from the right, the court properly concluded that the first vehicle had the right of way under c. 89, §8 and the second vehicle was negligent). Thus, the application of c. 89, §8 to this accident was unsupported by substantial evidence in the record.
Accordingly, this Court concludes that the Board’s finding that Goggin failed to exercise due care in the operation of his vehicle and was more than fifty percent to blame for this accident is unsupported by substantial evidence in the record and cannot stand.
ORDER
For the foregoing reasons, it is hereby ORDERED that judgment enter that the decision of the Board of Appeal on Motor Vehicle Liability Policies and Bonds be REVERSED.

In his complaint for judicial review, Goggin also argued that the Board erred in not considering that he was found not responsible on the citation arising from the accident. However, a District Court finding of nonresponsibility on a motor vehicle citation is not controlling with respect to the Board’s application of the Safe Driver Insurance Plan. Dempsey v. Board of Appeal on Motor Vehicle Liability Policies and Bonds, 1995 WL 808722 (Mass. Super. Ct. 1995); Gray v. Board of Appeal on Motor Vehicle Liability Policies and Bonds, 4 Mass. L. Rptr. 55, 1995 WL 809851 (Mass. Super. Ct. 1995).

Several traffic rules refer specifically to individual lanes of a way. See, e.g., G.L.c. 89, §§4A, 4B, 4C. Section 8 states that “any operator intending to turn left, in an intersection, across the path or lane of vehicles approaching from the opposite direction shall, before turning, yield the right of way until such time as the left turn can be made with reasonable safety.” G.L.c. 89, §8 (1989).