JOSEPH L. MARI *vs.* PHILIP F. DELONG & another.[1]

No. 02-P-1290.

Suffolk. February 3, 2004. - September 21, 2004.

Present: GELINAS, DUFFLY, & TRAINOR, JJ.

*Practice, Civil,* Instructions to jury. *Negligence,* Motor vehicle. *Statute,* Construction.

In a negligence action arising out of an automobile accident in which the plaintiff was injured, the judge's instructions to the jury regarding who had the right of way at an intersection, which were inconsistent with the plain meaning and legislative intent of G. L. c. 89, § 8, and G. L. c. 90, § 14, were erroneous; where the instructions could have resulted in the jurors using a mistaken belief regarding who had the right of way in making their determination regarding whether the defendant was negligent, the error could not be said to be harmless. [88-90]

CIVIL ACTION commenced in the Superior Court Department on August 23, 2000.

The case was tried before *Jeffrey A. Locke,* J., and a motion for a new trial, filed on February 12, 2002, was heard by him.

*Beth R. Levenson (Scott J. Clifford* with her) for the plaintiff.
*Stephen M.A. Woodworth (Holly K. Lemieux* with him) for the defendants.

TRAINOR, J. A Superior Court jury found that the defendant, Philip F. Delong, was not negligent in causing the automobile accident in which the plaintiff was injured. The plaintiff's motion for a new trial was denied, and the plaintiff appeals from the judgment and the denial of the motion, contending that the trial judge erred in giving the jury instructions that did not conform with the law of the Commonwealth.[2] We conclude that the instruction was erroneous and vacate the judgment.

---

[1]Interstate Brands Corporation.

[2]The defendant contends that the issue of the jury instructions is not properly before this court because the plaintiff's objection failed to meet the require-

The jury could have found the following facts. The plaintiff, Joseph L. Mari, suffered injuries that necessitated extended medical care and that caused permanent impairment when he was in an automobile accident on October 9, 1997. The plaintiff had been traveling north in the rightmost lane of a four-lane road (two lanes run northbound and two lanes run southbound). He came to an intersection and stopped at a traffic light, where he was the first driver waiting to proceed straight through the intersection. After the light changed, he proceeded straight into the intersection. The defendant, who was driving a truck owned by the codefendant Interstate Brands Corporation, had also been stopped at the intersection. He was in the southbound lane, on the other side of the intersection, intending to turn left and proceed eastward. After the light changed, the defendant drove the truck into the intersection and crossed in front of the plaintiff's vehicle. The plaintiff saw the truck when it entered his lane of travel and turned his car's wheel to the left in an attempt to avoid a collision. The attempt to avoid a collision was unsuccessful and the plaintiff's car struck the side of the truck.

The plaintiff contends that the judge misstated the law when he instructed the jury on the issue of who has the right of way at an intersection. Specifically, the plaintiff cites as error the judge's instruction that "a driver must yield the right of way to any vehicle already in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time when such driver is moving across or within the intersection." The judge's instruction, according to the plaintiff, is inconsistent with G. L. c. 89, § 8, which governs which driver has the right of way in an intersection not controlled by a stop sign, a flashing red signal indication, or a yield sign,[3] and G. L. c. 90, § 14, which imposes an obligation on a driver turning left at an intersection to yield the right of way to other vehicles.

We agree with the plaintiff that the instruction could be understood to mean that the defendant would have the right of

ments established by Mass.R.Civ.P. 51(b), 365 Mass. 816 (1974). Having reviewed the transcript, we disagree. Plaintiff's counsel brought the matter of his objection to the attention of the judge, and it is apparent that the judge understood the grounds of the objection from the fact that he ended counsel's explanation by stating that the exception was noted.

[3]See note 5, *infra.*

way if he entered the intersection first. The statutes, however, do not suggest that that is the law of the Commonwealth. General Laws c. 89, § 8, reads, in relevant part, "Any operator intending to turn left, in an intersection, across the path or lane of vehicles approaching from the opposite direction shall, before turning, yield the right-of-way until such time as the left turn can be made with reasonable safety." G. L. c. 89, § 8, inserted by St. 1977, c. 686. General Laws c. 90, § 14, reads, in relevant part, "When turning to the left within an intersection or into an alley, private road or driveway an operator shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard." G. L. c. 90, § 14, inserted by St. 1974, c. 335. The thrust of these provisions is that a driver who is proceeding straight through such an intersection has the right of way and that a driver who is turning left through such an intersection must yield the right of way.

It is true, as the defendant asserts, that the right of way of the driver proceeding straight through the intersection does not constitute an absolute or unlimited privilege in that a driver who possesses the right of way at an intersection must exercise reasonable care. See *Fallovallita* v. *Johnsyn*, 317 Mass. 153, 155 (1944). See also *Ballinger* v. *Plymouth & Brockton St. Ry. Co.*, 361 Mass. 61, 64 (1972). However, it is clear from the statutory provisions that a driver intending to turn left in an intersection, across the path of a driver approaching from the opposite direction, must yield the right of way until such time as the turn can be made safely. The fact that this does not constitute an absolute right or absolve such a driver from the duty to °exercise reasonable care does not mean that the driver turning left across the path of a driver proceeding straight through acquires the right of way by entering the intersection first, as the judge's instruction suggested.

The statutory provisions thus fail to support the judge's instruction. Furthermore, a significant change in 1977 to the wording of G. L. c. 89, § 8, indicates that the Legislature intended that a left-turning driver does not obtain the right of way simply by entering such an intersection first. See St. 1977, c. 686. The previous version of G. L. c. 89, § 8, indicated that a

driver approaching an intersection "shall grant the right of way to a vehicle which has already entered" the intersection. See St. 1929, c. 147, § 1; *Canane* v. *Dandini*, 355 Mass. 72, 74 n.1 (1968). The current version obligates any driver turning left at such an intersection to "yield the right-of-way until such time as the left turn can be made with reasonable safety." G. L. c. 89, § 8. There is no longer any language indicating that a driver who is not turning left must grant the right of way to a driver already in the intersection.[4] It is reasonable to conclude that the Legislature intended that the law require a driver turning left in an intersection to yield to a driver proceeding straight through from the other direction and that such a left-turning driver could not obtain the right of way simply by entering the intersection first.[5]

The judge's instruction was inconsistent with the plain meaning of the statutory language and its legislative intent and was therefore error. The error cannot be said to be harmless because the jury could have believed that the defendant, by entering the intersection before the plaintiff, had the right of way under the law of the Commonwealth. Possession of the right of way is a "factor for the jury to take into account in determining whether an operator performed his duty of due care or was negligent." *Ballinger* v. *Plymouth & Brockton St. Ry. Co., supra.* The jury therefore could have used a mistaken belief regarding who had the right of way in making its determination regarding whether the defendant was negligent.

The plaintiff also contends that the trial judge erred by allow-

---

[4]The current version of the statute indicates that a driver entering a "rotary intersection" must yield to drivers already in such an intersection. G. L. c. 89, § 8.

[5]The same requirement applies, under G. L. c. 89, § 8, to vehicles entering any intersection at "approximately the same instant," which would be the situation when, as here, traffic at the intersection is controlled by a steady red indication of a traffic control signal. Understandably, this is not the requirement when an intersection is controlled by a stop sign or flashing red traffic control signal. General Laws c. 89, § 9, provides that under those circumstances a driver, after having stopped, shall "yield the right of way to any vehicle in the intersection or approaching . . . so closely as to constitute an immediate hazard." G. L. c. 89, § 9, inserted by St. 1977, c. 838. A driver approaching a yield sign has the similar obligation to slow or stop and yield the right of way to any vehicle in the intersection or approaching so closely as to constitute an immediate hazard. *Id.*

ing in evidence hearsay statements in a report prepared by the defendants' insurer, and by allowing a witness to read a description of the accident that had been detailed in the report. The judge initially thought the report was admissible as a business record; he subsequently reached a contrary conclusion, and the offending portions of the document were redacted before the exhibit went to the jury. Furthermore, the judge instructed the jury to strike from their memory the description they had heard. It is unlikely that these circumstances will recur in any retrial, and because we are vacating the judgment based on the erroneous jury instruction, we need not decide whether, despite the judge's curative instruction, the admission of the evidence "injuriously affected the substantial rights of the parties." G. L. c. 231, § 119, inserted by St. 1973, c. 1114, § 202. See *DeJesus* v. *Yogel*, 404 Mass. 44, 47-48 (1989).

The order denying the plaintiff's motion for a new trial is reversed, the judgment for the defendant is vacated, and the matter is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*