Swan, J.
The plaintiff, Frances A. Preston (“Preston”), sued the defendant, Charles D. Raia (“Raia”), for injuries arising out of an automobile accident in Boston. At the close of her case at a jury trial, the court below allowed the defendant’s motion for a directed verdict pursuant to Mass. R. Civ. P, Rule 50(a), and judgment was entered accordingly. Preston has appealed, alleging that the directed verdict was erroneous. In determining whether a directed verdict should have been entered, we view the evidence in the light most favorable to the plaintiff. Mullins v. Pine Manor College, 389 Mass. 47, 56 (1983). Hemenway v. Shaw’s Supermarket, Inc., 1998 Mass. App. Div. 97.
At 5:30 A.M. on January 23, 2002, Preston left her brother’s home in Plymouth, where she had spent the night, and drove to her teaching job in Jamaica Plain. By 7:30 A.M., she was traveling in the left hand southbound lane on Jamaica Way, a four- *281 lane road having two lanes in each direction. She approached the intersection of Bynner Street,[1] where she intended to turn left. The traffic light was green. A pickup truck in front of her turned left. A “small vehicle showed up here, waved [Preston] on.” At five miles an hour, Preston turned. When she saw Raia’s car, it was seven to eight car lengths away, going from the left northbound lane to the right. As she turned, she was perpendicular to oncoming northbound traffic.
Raia was driving a Ford Crown Victoria owned by his wife[2] in the right hand northbound lane; he passed stopped traffic at the Bynner Street intersection in the left lane: a van and several other vehicles. As he approached to go straight through the intersection, there was a car some four car lengths to his front. He was going about thirty-five miles an hour toward the intersection, looking straight ahead, in his line of travel. The light was turning from green to yellow. He saw Preston turn about twenty feet in front of him. He may or may not have applied his brakes. Raia hit Preston’s car on the passenger side as Preston was 75 to 80 percent into her turn. An ambulance took Preston to a nearby hospital for treatment of her injuries.
In allowing Raia’s motion for a directed verdict, the court, citing Cousineau v. Smith, 1984 Mass. App. Div. 203, wrote that “the defendant had the right of way at the time and the plaintiff faded to yield the same to the defendant at the time of the accident,” and that Preston “failed to establish two necessary elements of the tort of negligence (duty and breach).” We agree that, by statute, Raia had the right of way. G.L.c. 89, §8. But “even if the driver was entitled to the right of way under the statute, this right is not absolute and cannot absolve an operator of the duty to use due care. Possession of the right of way is therefore only one factor for the jury to take into account in determining whether an operator performed his duty of due care or was negligent.” Ballinger v. Plymouth & Brockton St. Ry. Co., 361 Mass. 61, 64 (1972). See Canane v. Dandini, 355 Mass. 72, 76 (1968) (“[A] driver who has the right of way at an intersection may be negligent, or even foolhardy, if he asserts his right on some occasions.”). Preston presented evidence that she saw Raia seven to eight cars lengths away, enough room, in her view, to make a left turn, especially when she was following the truck ahead of her and was waved ahead by a facing driver. Although Raia had the right of way, he was going thirty-five miles an hour, past halted traffic that may have obstructed his view of cars turning from the left, toward an intersection where the light was turning yellow, and did not see Preston’s car until it was twenty feet in front, even though she was fully 75 to 80 percent into her turn. From this evidence, it could be inferred that, going at a steady speed, with a limited visual panorama, Raia was more concerned with making the light than looking out for a turning car, thereby breaching his duty of exercising reasonable care in yielding to Preston.
Cousineau v. Smith, on which the court below based its decision, differs both factually and procedurally from the instant case. There, the plaintiff turned left in front of the defendant who was going only ten miles an hour just as the light turned green for both parties. Id. at 203. Moreover, the trial judge in Cousineau found for the defendant after a full bench trial, not on a directed verdict Id. Finally, that judge denied a ruling *282 requested by the plaintiff that the “defendant was negligent in failing to grant to plaintiff the right of way,” id. at 204, and founded that denial on G.L.c. 90, §14, which states:
When turning to the left within an intersection or into an alley, private road or driveway an operator shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard (emphasis added).
Raia was not in the intersection. Nor did he appear, at seven to eight car lengths away, “so close thereto as to constitute an immediate hazard.” Cousineau, therefore, does not apply.
The strength of Preston’s case was certainly not overwhelming, and the jury, properly instructed on the law of comparative negligence, G.L.C. 231, §85, might well have returned a defendant’s verdict. But the plaintiff did present a legally sufficient case to go to the jury. The entry of a directed verdict was error.
Judgment reversed. The matter is returned to the Cambridge Division for trial.
So ordered.

 Spelled Viner Street in the record.

 Beverly Raia was originally named a codefendant, but was dismissed from the case before trial.